## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JAYLIN KEMP and AQLIMATE LLC,**     ) | |
| ) | |
| *Plaintiffs,*     ) | |
| ) | **Case No.: 2:26-cv-00129-NAD** |
| **v.**     ) | |
| ) | |
| **JEFFREY WATSON, ALL STAR ELITE**     ) | |
| **LLC, and WATSON APPAREL CO., LLC**     ) | |
| ) | |
| *Defendants.*     ) | |
| ) | |

## DEFENDANTS WATSON APPAREL CO., LLC AND ALL STAR ELITE, LLC'S MOTION TO SET ASIDE ENTRY OF DEFAULT

COME NOW Defendants Watson Apparel Co., LLC ("Watson Apparel") and All Star Elite, LLC ("All Star Elite") (collectively, the "LLC Defendants"), by and through undersigned counsel, and respectfully move this Honorable Court, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, to set aside the Clerk's Entry of Default entered against them on April 13, 2026 (Doc. 13). In support of this Motion, the LLC Defendants state as follows:

## I.  INTRODUCTION

This is a trademark dispute over a specific stylized dragonfly design. Plaintiffs filed this action on January 27, 2026, asserting claims against the LLC Defendants and an individual, Jeffrey Watson. Through routine forwarding delays and miscommunication inherent in service through a commercial registered-agent service in another state, the LLC Defendants did not timely retain counsel to file a responsive pleading, and a default was entered. The LLC Defendants now appear, have engaged counsel and seek prompt relief from that default so that this case can proceed on its merits.

1

Rule 55(c) authorizes the Court to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). The Eleventh Circuit applies that standard liberally, in keeping with the "strong policy of determining cases on their merits." *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). All three factors that guide the inquiry favor setting aside the default here: (1) the LLC Defendants' default was not willful or culpable; (2) Plaintiffs would suffer no cognizable prejudice from setting it aside; and (3) the LLC Defendants have meritorious defenses, as set forth in the proposed Motion to Dismiss attached hereto as Exhibit A. The Court should set aside the entry of default and accept the LLC Defendants' proposed responsive pleading for filing.

## II. RELEVANT PROCEDURAL BACKGROUND

1. Plaintiffs filed their Complaint on January 27, 2026, alleging trademark infringement, counterfeiting, dilution, and related state-law claims arising from sales of hooded sweatshirts bearing a "dragonfly" design. (Doc. 1.)

2. Watson Apparel was served on February 20, 2026, through Northwest Registered Agent LLC in Richmond, Virginia. (Doc. 5.) All Star Elite was served on February 25, 2026, through Northwest Registered Agent Service, Inc. in Dothan, Alabama. (Doc. 6.) Both services were made on commercial registered-agent services and not on any officer, member, or employee of either LLC Defendant.

3. On April 8, 2026, Plaintiffs moved for entry of default against the LLC Defendants. (Doc. 11.) The Clerk entered default the following business week, on April 13, 2026. (Doc. 13.)

4.	The third defendant, Jeffrey Watson, was not purportedly personally served until April 21, 2026, when a process server left documents in Virginia Beach, Virginia. (Doc. 14.)[1] Although Mr. Watson's twenty-one-day response period has only very recently expired, no motion for entry of default has been sought or entered against him, and Mr. Watson is filing his Rule 12 motion to dismiss, attached as Exhibit A, contemporaneously herewith. Mr. Watson is therefore not in default, and a single, consolidated responsive pleading on behalf of all three Defendants is what is now before the Court. The LLC Defendants join in Mr. Watson's Motion to Dismiss in all respects except its Section IV.C, which sets forth Mr. Watson's individual challenge under Rule 12(b)(5) to the sufficiency of personal service upon him; the LLC Defendants do not contest the sufficiency of service upon their own registered agents. (See Docs. 5–6.)

5.	The LLC Defendants have now retained the undersigned counsel and file this Motion promptly upon doing so. No judgment has been entered. Discovery has not opened. No Rule 26(f) conference has occurred. The case remains in its earliest stages.

## III.  LEGAL STANDARD

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The "good cause" standard is "a mutable standard, varying from situation to situation," and is applied "liberally." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). It is "less rigorous" than

---

[1] Mr. Watson is separately constesting the service upon him as the documents were not served upon him or his agent, and the description given by the process server of the individual served does not remotely match Mr. Watson's appearance.

the "excusable neglect" standard required to set aside a default *judgment* under Rule 60(b). *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

Courts in the Eleventh Circuit consider, among other things, "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana*, 88 F.3d at 951. Courts may also consider whether the defaulting party acted promptly to correct the default and whether the public interest is implicated. *Id.* Underlying all of this is the Eleventh Circuit's repeated admonition that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

## IV.  ARGUMENT

### A.  The LLC Defendants' Default Was Not Willful or Culpable.

A default is "willful" for Rule 55(c) purposes only when it reflects an "intentional" disregard of the proceedings—not mere negligence, inadvertence, or mistake. *See Compania Interamericana*, 88 F.3d at 951–52 (reversing refusal to set aside default where defendant's failure to answer was the product of misunderstanding rather than "a conscious or reckless choice"). Service on a commercial registered-agent service—which then must forward documents to the client and which may not result in timely receipt by anyone with authority to retain counsel—is a classic context in which a default is the result of inadvertence rather than defiance.

Here, the LLC Defendants were served on February 20, 2026 and February 25, 2026, through commercial registered-agent services located in Virginia and Alabama, respectively. Neither was served by personal delivery to any officer, manager, or member. The papers were thereafter forwarded by the registered-agent services to addresses associated with the LLC Defendants, where they did not reach a person with both knowledge of the substance of the suit and authority to engage litigation counsel in time to file a Rule 12 response. There was no decision to ignore the lawsuit and no intentional disregard of the Court's processes. As soon as the LLC Defendants learned that a default had been sought and entered, they retained the undersigned counsel and authorized the prompt filing of this Motion.

This kind of "garden-variety" failure to coordinate between a registered-agent service and a client is precisely the type of non-willful conduct that Rule 55(c) is intended to forgive. *See In re Worldwide Web Sys.*, 328 F.3d at 1295–96.

**B. Setting Aside the Default Will Not Prejudice Plaintiffs.**

Delay alone is not cognizable prejudice for Rule 55(c) purposes. "To be prejudicial, the setting aside of [a default] must result in greater harm than simply delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001).

Three considerations confirm the absence of prejudice. The Complaint was filed less than four months ago, the entry of default is less than a month old, and no Rule 16 scheduling order has been entered. The third defendant Jeffrey Watson has only just been purportedly served and has not yet answered. Plaintiffs will be litigating against Mr. Watson in any event; setting aside the LLC Defendants' default merely allows the case to proceed against all three defendants together, on a single track, as Plaintiffs themselves elected to plead it. Plaintiffs have not alleged

the loss of any evidence or witness in the brief interval at issue, and no such loss could plausibly be claimed in a dispute over presently-sold apparel and online listings that Plaintiffs themselves continue to monitor. *See Florida Physician's Ins.*, 8 F.3d at 784 (delay is prejudicial only when it "result[s] in tangible harm" such as loss of evidence).

### C. The LLC Defendants Have Meritorious Defenses.

To satisfy the "meritorious defense" prong, a defendant need only present a defense that is not facially unmeritorious. Likelihood of success is not the measure. *Owens-Illinois, Inc. v. T&N Ltd.*, 191 F.R.D. 522, 526 (E.D. Tex. 2000); *see also Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980) ("allegations are meritorious if they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense").

The LLC Defendants have several substantial defenses, set forth in the proposed Motion to Dismiss attached as **Exhibit A** and incorporated herein by reference. Those defenses include, without limitation:

- The Complaint engages in impermissible "group pleading," attributing conduct to "Defendants" collectively without distinguishing which entity is alleged to have manufactured, sold, advertised, or distributed any particular product or item—the precise pleading defect prohibited by Iqbal/Twombly and the Eleventh Circuit's shotgun-pleading jurisprudence.

- The federal trademark counterfeiting claim under 15 U.S.C. § 1114 (Count III) fails as to any conduct predating November 11, 2025, because Plaintiff Kemp's

mark was not registered with the USPTO until that date—a prerequisite to a

Section 32 counterfeiting claim.

- The federal dilution claim under 15 U.S.C. § 1125(c) (Count II) fails because the Complaint does not plausibly allege the rigorous "widely recognized by the general consuming public of the United States" fame required by the Trademark Dilution Revision Act.

These defenses are "more than a perfunctory denial" and, if proven, would defeat Plaintiffs' claims in whole or in significant part. *See Sherrard v. Macy's Sys. & Tech., Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018). The meritorious-defense prong is satisfied.

**D. In Particular, the Accused Designs Are Visually Distinct from the Registered Mark.**

One meritorious defense warrants particular emphasis. The Complaint depicts side-by-side images purporting to show "Plaintiff's Genuine Aqlimate Dragonfly Hoodie" alongside "Defendants' Infringing Dragonfly Hoodie." (Doc. 1 ¶ 23.) But the Mark Plaintiff Kemp actually obtained from the USPTO is something quite different from the designs depicted on the accused hoodies. When applying for the trademark, Plaintiff described the mark as "a vertically arranged needle with a single thread threaded through or wrapped around the needle three times and forming the image of a flying insect." *See* Trademark/service mark application No. 99101125 (attached hereto as Exhibit B). As noted by the Plaintiffs in their

trademark application, the core feature of their mark is the "single thread threaded through or wrapped around the needle three times." *Id.*

The accused infringing hoodies do not display a threaded needle. This is when zooming into the images included within the Plaintiffs' complaint. (Doc. 1 ¶ 23.) Instead, the accused infringing hoodies utilize a symmetrical line drawing of a dragonfly, without the use of a "single thread" as described by the trademark.



*Id* (with portion zoomed in for ease of viewing).

This distinction matters in at least two independent ways. A federal trademark registration protects only the specific stylized depiction registered. It does not grant the registrant a monopoly over the underlying subject matter or every artistic representation of it. *See* 15 U.S.C. § 1057(a)–(b); *Frehling Enters., Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999) (likelihood-of-confusion analysis turns on the similarity of the marks as a whole not on the shared subject matter of two designs). This is particularly true where the registered mark is a needle and thread that is arranged in the shape of flying insect, not a registration for a line

drawing of a dragonfly. In addition, a Section 32 counterfeiting claim requires use of a mark "identical with, or substantially indistinguishable from," the registered mark. 15 U.S.C. § 1127. A different stylization that does not use the needle and thread motif is, by definition, not substantially indistinguishable from the registered logo.

This is therefore not a case in which the LLC Defendants concede the merits and merely seek to delay an inevitable result. The LLC Defendants have a substantial, non-frivolous defense grounded in the very images Plaintiffs have incorporated into the Complaint that the accused designs are visually distinct from the registered Mark. Whatever weight a fact-finder ultimately gives that defense, it is the kind of defense that warrants permitting a case to proceed past default.

### E. The Strong Public Policy Favoring Resolution on the Merits Reinforces Relief.

Finally, the Eleventh Circuit has long recognized that defaults are "disfavored" and that the federal courts have a "strong preference" for resolving disputes on their merits rather than through technical defaults. *Perez*, 774 F.3d at 1342; *Florida Physician's Ins.*, 8 F.3d at 783. Where, as here, the defaulting parties have appeared, retained counsel, presented meritorious defenses, and acted promptly to cure their default, that policy is at its strongest. The interests of the parties and the orderly administration of justice are best served by allowing this Lanham Act dispute to be decided on the substance of the allegations rather than on a single missed responsive-pleading deadline by two LLCs served through out-of-state commercial registered agents.

## V.  CONCLUSION

For the reasons stated above, the LLC Defendants respectfully request that this Court enter an Order: (a) setting aside the Clerk's Entry of Default (Doc. 13) as to Defendants Watson Apparel Co., LLC and All Star Elite, LLC; (b) accepting for filing the LLC Defendants' Motion to Dismiss attached as Exhibit A; and (c) granting any other relief the Court deems just and proper.

Respectfully submitted this 18th day of May, 2026.

       /s/Douglas L Bridges
Douglas L. Bridges (1974N06L)
AdamsIP, LLC
453 Dauphin Street
Mobile, Alabama  36602
Phone:  251-289-9787
doug@adamsiplaw.com

*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of May, 2026, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to all counsel of record, including:

Kenneth M. Perry
Ambria L. Lankford
Jennifer M. Moore
KEN PERRY LAW FIRM, LLC
1615 Financial Center
505 20th Street North
Birmingham, AL 35203
kp@kenperrylawfirm.com
all@kenperrylawfirm.com
jmm@kenperrylawfirm.com

*/s/ Douglas L. Bridges*
Douglas L. Bridges