FILED

2026 Jun-18  PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAYLIN KEMP and AQLIMATE LLC,** | **)** | |
| | **)** | |
| *Plaintiffs,* | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 2:26-cv-00129-MHH** |
| | **)** | |
| **JEFFREY WATSON, ALL STAR** | **)** | |
| **ELITE LLC, and WATSON** | **)** | |
| **APPAREL CO., LLC,** | **)** | |
| | **)** | |
| *Defendants.* | **)** | |
| | **)** | |

---

## PLAINTIFFS' OPPOSITION TO
## DEFENDANT JEFFREY WATSON'S MOTION TO DISMISS

---

Plaintiffs Jaylin Kemp ("Kemp") and Aqlimate, LLC ("Aqlimate") (collectively, "Plaintiffs") hereby oppose Defendant Jeffrey Watson's ("Watson") Motion to Dismiss the Complaint.[1] In support of the Motion, Plaintiffs state the following:

### ARGUMENT

### A. Plaintiffs' service of process was sufficient.

---

[1] Defendants All Star Elite LLC ("All Star") and Watson Apparel Co., LLC ("Watson Apparel") purport to join Watson's Motion to Dismiss. *See* doc. 13 at 1. On April 13, 2026, All Star and Watson Apparel were found to be in default as a result of their failure to respond to the Complaint. *See* doc. 8. As of the date of this filing, this default remains in effect. Thus, All Star and Watson Apparel cannot move to dismiss the complaint at this juncture; Plaintiffs file this Opposition only in response to the Motion filed by Watson.

1

1. <u>Watson has not presented sufficient evidence to challenge proper service.</u>

Where a defendant challenges the sufficiency of process, he "must describe with specificity how service of process failed to meet the procedural requirements of the federal rules or state law[.]" *Barberi v. St. Croix Dev. Corp.*, No. 18-23887-CIV, 2019 WL 13260561, at *2 (S.D. Fla. May 15, 2019), *report and recommendation adopted*, No. 18-CV-23887, 2019 WL 13260560 (S.D. Fla. June 3, 2019), citing *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993). The burden then shifts back to the plaintiff to "demonstrate sufficient service of process by making a prima facie case of proper service," and "[a] signed return of service is prima facie evidence of proper service." *Id*. The burden then "shifts back to the defendant to bring strong and convincing evidence of insufficient process." *Id.*

Here, Plaintiffs filed a signed proof of service indicating a process server "personally served the summons [and] complaint on [Watson] at 100 Landmark Sq, Virginia Beach, VA 23452 on 4/21/2026 at 7:35 AM." (Doc. 12). This signed proof of service further indicates Watson "tried to refuse service by refusing to take documents and did not state reason for refusal" and includes an approximate

description of Watson. (*Id.*). Based on this filing, Plaintiffs have carried their burden of establishing a prima facie case of proper service.

In response, Watson argues there was insufficient service by relying on self-serving affidavit testimony denying he personally received the summons and complaint, including disputing the description provided in the process server's signed proof of service. This, however, is insufficient to rebut Plaintiffs' prima facie case of proper service. Indeed, "courts have repeatedly rejected this argument and have required defendants to do more than rely on affidavits to meet this burden." *Barberi*, 2019 WL 13260561, at *3, citing *Mybusinessloan.com, LLC v. Forum Networking Events, Inc*., 2016 WL 3919484, at *3 (M.D. Fla. June 10, 2016), *report and recommendation adopted*, 2016 WL 3906959 (M.D. Fla. July 19, 2016) ("[T]he affidavits filed by Defendants do not constitute strong and convincing evidence of insufficient process.") (citation omitted); *Blanco v. Tin How, Inc.*, 2007 WL 2827505, at *1 (S.D. Fla. Sept. 26, 2007) ("This Court finds that it may consider the Declaration of Jia Zhao as an affidavit. However, as this affidavit provides no 'strong and convincing' evidence ... it cannot overcome the prima facie evidence provided by that Service of Process.").

To the contrary, the notes from the private process server engaged by Plaintiffs—ABCLegal—support a finding a proper service. (*See* Exhibit A). Between February 23, 2026, and April 21, 2026, the process server made twelve

attempts to personally serve Watson with the summons and complaint at the 100 Landmark Sq. address and was told on more than one occasion that Watson resided there but was unavailable. (*Id*.). For example, on March 28, 2026, a person who identified himself as Watson's coworker informed the process server Watson resides at that address but was not available at that time. (*Id*.). Similar information was provided to the process server on March 31, 2026, when a self-identified office manager confirmed Watson resides there but was unavailable until the following Monday due to a work trip. (*Id*.).

Additionally, the process server's description on the proof of service states that the person served "appeared to be" a blonde-haired white male between the ages of 25 and 35, approximately 5'8" tall, weighing about 180-200 pounds, and with a beard. Based on publicly available information, including Watson's own social media page and the photograph included in his affidavit, this description is largely accurate. (*See* Exhibit B, Watson Instagram Profile). While the process server may have mistaken gray hair for blonde and may have been mistaken regarding Watson's exact age, the inclusion of the term "appeared to be" makes clear this description may not have been 100% accurate. Regardless, as reflected in Exhibit A, a security guard had already identified Watson to the process server on March 6, 2026, multiple other persons on site confirmed Watson resided and/or worked at the location where

4

process was effected, and, interestingly, Watson did not deny being the correct individual when attempting to refuse service on April 21, 2026.

After additional unsuccessful attempts, the process server was able to make service on Watson personally on April 21, 2026. (*Id.*). Put simply, despite his assertions to the contrary, the overwhelming evidence—including a proof of service signed under penalty of perjury—is that Watson was served personally with the summons and complaint on April 21, 2026.

2. Service of process was otherwise sufficient under Rule 4.

Under Rule 4, an individual defendant may be properly served in this action by following Alabama law[2] for service of a summons,  or by either "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;[3] or  (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). In this instance, service was made on Watson personally. However, even

---

[2] The Alabama rule is similar to the Federal rule regarding service, but also permits service by certified mail and, where a defendant has refused service, by regular mail by the Clerk of Court. *See* Ala. R. Civ. P. 4(c)(1), (e), (i)(2).

[3] Both the state and federal rule permit service at Watson's place of abode. Alabama courts have noted that a person can have more than one place of abode, even where the defendant spends comparatively little time at one location in comparison to another. *See, e.g., Allsopp v. Bolding*, 86 So. 3d 952, 961-262 (Ala. 2011). Here, the process server noted multiple persons indicated Watson "resides" at 100 Landmark Sq. and Watson does not dispute he works from that location. As such, it appears Watson regularly abides at 100 Landmark Sq. and otherwise may properly be served at that address.

if Watson had not been served personally, the Court should find that service of process was proper in this case.

The Eleventh Circuit has found that Rule 4 "is a flexible rule that should be liberally construed so long as a party received sufficient notice of the complaint." *Sanderford v. Prudential Ins. Co. of Am.*, 902 F. 2d 897, 900 (11th Cir. 1990). Likewise, under Alabama law, "[t]he purpose of service is to notify or inform the defendant of the action filed against him." *Moore v. Moore*, 424 So. 2d 1312, 1314 (Ala. Civ. App. 1982) (citing *Goodall v. Ponderosa Estates, Inc.*, 337 So. 2d 726, 728 (Ala. 1976)). Accordingly, "[t]he Federal Rules of Civil Procedure contemplate that a court may have personal jurisdiction over a defendant served despite imperfect service of process." *Drill South, Inc v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1238 (11th Cir. 2000).

Additionally, Courts have held that they "will not require a plaintiff expend limitless resources to serve a defendant with actual notice of suit and who intentionally evades service." *Wood v. Netflix, Inc.*, Case No. 8:22-cv-02431-CEH-AAS, 2023 WL 4107148, at *2 (M.D. Fla. June 21, 2023), citing *Allegheny Int'l Servs. (ME), LLC, v. Flynn*, No. 8:18-cv-1568-T-33SPF, 2018 WL 4565744, at *2 (M.D. Fla. Sept. 24, 2018). Instead, "[n]otice of a complaint coupled with good faith attempted service is sufficient to confer jurisdiction where a party is evading service

of process." *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999).

Here, Watson clearly has actual notice of the complaint and has not been prejudiced by any alleged defects in service. Watson's own motion admits the complaint was served on April 21, 2026, at the principal place of business for the entities he owns and operates, co-Defendants All Star Elite, LLC and Watson Apparel Co, LLC. In fact, in the weeks following service on the defendants, in-house counsel for Watson and his entities communicated with counsel for Plaintiffs by telephone and email in an attempt to discuss the claims asserted against **all** the defendants named in the complaint. No suggestion was made that Watson had not been properly served.  In light of these conversations and prior (unchallenged) service on Watson's companies, it is obvious that Watson had notice of the claims against him and "was sufficiently informed of the nature of the action filed so as to render any alleged defect in service insignificant." *Moore*, 424 So. 2d at 1314. Watson certainly has not been prejudiced by any alleged defect in service upon him. *Sanderford*, 902 F.2d at 900 ("In addition, the Federal Rules do not contemplate that a party may simply ignore pleadings it receives.").

Watson was personally served with the summons and complaint and, even if not, he has actual notice of the claims against him and can demonstrate no prejudice.

Accordingly, the Court should find that Plaintiffs' have fully or substantially complied with the requirements of Rule 4 and deny Watson's motion.[4]

## B. Because Watson was properly served, the Motion is untimely.

Because Watson was properly served the summons and complaint, the Motion to Dismiss is untimely and should be denied outright. Federal Rule of Civil Procedure 12 plainly states that a responsive pleading should be filed within 21 days of service of the summons and complaint. *See Houser v. O'Neil*, Case No. 2:24-cv-00503-SGC, 2025 WL 2797162, at *2 (N.D. Ala. Sept. 29, 2025) ("A defendant generally must file a responsive pleading within twenty-one days after being served with a summons and complaint."); *Davila v. Marshall*, 649 F. App'x 977, 980 (11th Cir. 2016) ("Parties must file responsive pleadings within 21 days after being served. . . ."). Plaintiffs served the complaint on Watson on April 21, 2026. *See* Fed. R. Civ. P. 5(b)(2)(B). Watson's time to respond to the complaint expired on May 12, 2026, and he did not file a responsive pleading by that date. As a result, the Motion should be denied.

---

[4] Alternatively, to the extent the Court determines service has not been properly effected on Watson, it should also find that Plaintiffs have shown good cause for such failure (i.e., the repeated attempts at personal service, refusals of same, and affidavit from the process server indicating personal service indeed had been completed). Where such good cause is shown, "the court must extend the time for service for an appropriate period." *Oates v. Scotch Plywood Co.*, Civ. Action No. 1:19-407-KD-N, 2020 WL 1018562, at *4 (S.D. Ala. Feb. 6, 2020). Plaintiffs thus alternatively request that the Court grant an extension of time and permit Plaintiffs to proceed with service on Watson.

**C. Defendant's counsel did not meet and confer as required by this Court's standing order.**

This Court's standing order requires a defendant to meet-and-confer to attempt to resolve any purported pleading deficiencies prior to filing a motion to dismiss that, as here, is based on purported "notice" deficiencies in the Complaint. "Accordingly, if counsel for a defendant believes that factual allegations in a complaint do not meet Rule 8's notice requirement, then counsel for the defendant must confer with counsel for the plaintiff before filing a motion to dismiss and ask counsel for the plaintiff to cure the perceived deficiencies." *See* Court's webpage at https://www.alnd.uscourts.gov/content/chief-judge-madeline-h-haikala.[5] Defense counsel, however, made no such effort to resolve (or even discuss) any perceived deficiencies; therefore, the motion is due to be denied on that basis alone.

**D. The complaint is sufficiently pled.**

**1. The complaint is not a "shotgun pleading."**

Watson argues that Count I (false designations of origins) and Count IV (trademark infringement and unfair business practices) should be dismissed for failure to satisfy Federal Rule of Civil Procedure 8. The claims in the complaint, however, meet the requirements of Rule 8. Specifically, Rule 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the

---

[5] Also entered in this case at (Doc. 15, p.3).

9

pleader is entitled to relief." The Eleventh Circuit "requires adequate notice, not 'a model of efficiency or specificity'" in pleading. *Okposio v. Barry University, Inc.*, 2023 WL 7484223, at *3 (11th Cir. Nov. 13, 2023). As such, "[a] dismissal under Rule[] 8(a)(2) . . . is appropriate where it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F. 3d 1313, 1325 (11th Cir. 2015) (internal citation omitted) (emphasis added). Here, there is no evidence of such "virtual impossibility." Rather, each count of the complaint identifies the supporting facts against each defendant. Indeed, despite Watson's protesting to the contrary, there is no trouble understanding Plaintiffs' allegations that All Star, Watson Apparel, and Watson violated federal law by their unauthorized use of Plaintiffs' trademark, their advertisement and promotion of infringing products that cause confusion in the market, and the manufacture and sale of products bearing marks that are identical to, or substantially indistinguishable from, Plaintiffs' trademark.

As such, the complaint does not amount to a "shotgun pleading." The Eleventh Circuit has found that some "examples of shotgun pleadings contain innumerable pages of rambling irrelevancies, waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Pinson v. JPMorgan Chase Bank, Nat'l Assoc.*, 942 F.3d 1200, 1208 (11th Cir. 2019) (internal citations omitted). These factors are not

present in this case. The complaint here is "not plagued by conclusory, vague, or immaterial facts; nor does it 'leave[] the reader to speculate as to which factual allegations pertain to which count.'" *Okposio*, 2023 WL 7484223 at *3 (citing *Adams v. Huntsville Hosp.*, 819 F. App'x 836, 838 (11th Cir. 2020)). As the Eleventh Circuit pointed out in both *Weiland* and *Pinson*, Watson likewise understood the claims well enough to address their merits in a motion to dismiss, which would seem to contradict his argument that the complaint is not sufficiently pled. *See Weiland*, 792 F.3d at 1324 ("[T]his is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count. This may explain why the defendants did not move for a more definite statement under Federal Rule of Civil Procedure 12(e) . . . ."); *Pinson*, 942 F.3d at 1208 ("We have no trouble understanding Mr. Pinson's allegations that JPMorgan Chase violated federal law . . . . We've seen no indication that JPMorgan Chase had trouble understanding them either. This would explain why [JPMorgan Chase] did not move for a more definite statement . . . [and it] . . . understood the claims well enough to address their merits . . . in a motion to dismiss . . . ."). In fact, Watson spends two and a half pages of his Motion specifically addressing the merits of Counts II and III in the Complaint, thereby clearly acknowledging he is aware of the allegations raised against him.

11

Importantly, this is not a situation where there are multiple, unrelated defendants against whom varied conduct is being asserted. Instead, Defendants in this action are all related and have a common nexus and owner. Thus, these claims are "informative enough to permit a court to readily determine if they state a claim upon which relief can be granted." *Weiland*, 792 F.3d at 1326. Therefore, the complaint is not a "shotgun pleading."

### 2.  Counts II and III of the complaint sufficiently state claims of relief.

Watson argues Count II (trademark dilution under Section 43(a) of the Lanham Act) and Count III (trademark counterfeiting under Section 32 of the Lanham Act) of the complaint fail to state a claim for relief under Federal Rule of Civil Procedure 12. But "[i]n order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff 'does not need detailed factual allegations.'" *Woodroffe v. Fla. Dept of Fin. Servs.*, 774 F. App'x 553, 554 (11th Cir. 2019) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, a complaint must contain "enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015) (citing *Twombly*, 550 U.S. at 570 and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, the complaint is facially plausible in Counts II and III.

With respect to Count II (trademark dilution), the Motion attempts to resolve factual issues at the pleading stage, which is improper.[6] Nevertheless, Watson argues the complaint fails to state a claim under the Lanham Act for trademark dilution because Plaintiffs do not allege that the Mark is "famous." At this stage, Plaintiffs are not required to "demonstrate that [the] mark is *likely* famous," but rather they "need only establish that [the] mark is *plausibly* famous." *ALK 2, LLC V. K2 Marine, Inc.*, 647 F. Supp. 3d 1253, 1260 (M.D. Ala. 2022) (emphasis in original). Here, Plaintiffs have done just that. The complaint sufficiently alleges that Plaintiffs began creation of the Mark in 2023 and began using the Mark in promotion material online and on his social media at that time.[7] *See* doc. 1, ¶¶ 12-15. The Complaint also provides that the following year, Plaintiff Kemp began selling products bearing the Mark through an online retail store in May 2024. *See* doc. 1, ¶ 16. This is sufficient to show Plaintiffs' Mark is plausibly famous, and the complaint should not be dismissed on the basis asserted. *See ALK 2, LLC V. K2 Marine, Inc.*, 647 F. Supp. 3d 1253, 1260 (M.D. Ala. 2022) (holding that the factor analysis of determining the

---

[6] The case Watson cites in his Motion on this point concurs. *See Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1372 (Fed. Cir. 2012) ("Whether a mark is famous under the [Trademark Dilution Revision Act] is a factual question.").

[7] Not only does Kemp promote his apparel online, he has maintained an Instagram profile for the Aqlimate brand (@aqlimate) since 2023. This profile has more than 50 posts about the Aqlimate brand and its products, and more than 30 of the posts include photographs and videos of clothing prominently featuring the Mark. Nearly 13,200 followers subscribe to the Aqlimate Instagram page.

fame of a mark "is fact-specific and is more properly decided after discovery has been conducted.").

Similarly, with respect to Count III (trademark counterfeiting), Plaintiffs' complaint survives the motion to dismiss because Plaintiffs had a right of priority to the Mark at least as early as May 2024, not November 2025. "To succeed on a federal trademarking . . . counterfeiting claim, a plaintiff must show: (1) valid ownership of a registered trademark; (2) 'that the defendant used the mark in commerce without its consent;' and (3) 'that the unauthorized use was likely to deceive, cause confusion, or result in mistake.'" *MRSS, Inc. v. Morrisette*, Civil Action No. 5:21-cv-01696-AKK, 2022 WL 1087202, at *4 (N.D. Ala. Apr. 11, 2022) (citing *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1301 (11th Cir. 2001)). The act of filing an application for registration constitutes "constructive use" and "confers a nationwide right of priority on the registrant dating back to the application date." *Irwin Holdings, LLC v. Weigh to Wellness, LLC*, Case No. 2:18-cv-00774-SGC, 2019 WL 3842800, at *6 (N.D. Ala. Aug. 15, 2019). Ironically, in support of his Motion at Exhibit B, Watson himself provided registration documentation indicating that the "first use anywhere date" and "first use in commerce date" for Plaintiffs' Mark was "at least as early as 05/05/2024." Doc. 13-2 at 3. Hence, Plaintiffs had a right of priority to use of the Mark at least as early as May 5, 2024, which is consistent with

the allegations in the complaint. Consequently, Watson's attempt to limit Plaintiffs' relief to conduct after November 11, 2025, should be rejected.[8]

The complaint states claims for relief in Counts II and III, and the Motion should be denied. Alternatively, courts generally "liberally grant leave to amend" where, as here, there has been no demonstration of futility or prejudice to the defendants. *Reese v. Walmart Stores E., LP*, No. 25-00447-KD-MU, 2026 WL 661952, at *2 (S.D. Ala. Mar. 9, 2026). Thus, to the extent the Court finds that requisite pleading deficiencies have been shown in the complaint, Plaintiffs hereby request leave to amend the same.[9]

WHEREFORE, based on the foregoing, Plaintiffs respectfully request the Court deny Watson's motion to dismiss in its entirely. Alternatively, Plaintiffs request leave to amend the complaint and for such other relief as the Court deems proper, including an opportunity to serve Watson.

---

[8] Moreover, in *Morrisette*, the Northern District of Alabama denied a defendant's motion to dismiss a complaint alleging trademark counterfeiting and held, "[W]here a complaint, accepted as true, allows the reasonable inference that the defendant is liable for trademark counterfeiting . . . a plaintiff's claims are not subject to dismissal under Rule 12(b)(6)." *Morrisette*, 2022 WL 1087202 at *4. The same principle should apply in this case. Plaintiffs' complaint includes proof of a federally registered trademark and alleges that Watson "advertised" and "distributed products" bearing the Mark, thereby causing confusion in the market. *See* doc. 1 at 10. Because liability under 15 U.S.C. § 1114 can be based on "use in commerce" of the alleged counterfeit mark, and Plaintiffs plausibly alleged that Watson sold products bearing the counterfeit mark in Alabama, Nevada, Georgia, Tennessee, and Texas, Plaintiffs have sufficiently pled their trademark counterfeiting claims.

[9] This is also in line with the Court's Uniform Initial Order, which states, "[a] plaintiff may amend a complaint to address pleadings deficiencies that cause a complaint to  fall short of the requirements of Rule 8.  A district court must 'freely give leave' to  amend 'when justice so requires.' FED. R. CIV. P. 15(a)(2).

Date: June 18, 2026                    Respectfully submitted,

                                       */s/ Ambria L. Lankford*
                                       Kenneth M. Perry (ASB-4945-E67K)
                                       Ambria L. Lankford (ASB-2461-Q94V)
                                       Jennifer M. Moore (ASB-2400-I11J)

                                       **KEN PERRY LAW FIRM, LLC**
                                       1615 Financial Center
                                       505 20th Street North
                                       Birmingham, AL 35203
                                       (205) 778-2001
                                       kp@kenperrylawfirm.com
                                       all@kenperrylawfirm.com
                                       jmm@kenperrylawfirm.com


                                       *Attorneys for Plaintiffs Jaylin Kemp and
                                       Aqlimate LLC*

16

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notice to all counsel and parties of record.

Douglas L. Bridges, Esq.
AdamsIP, LLC
453 Dauphin Street
Mobile, Alabama 36602
Telephone: (251) 289-9787
E-mail: doug@adamsiplaw.com

*Attorney for Defendants*

*/s/ Ambria L. Lankford*
OF COUNSEL

17