FILED
2026 Jun-18  PM 02:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAYLIN KEMP and AQLIMATE LLC,** | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-cv-00129-MHH** |
| | ) | |
| **JEFFREY WATSON, ALL STAR** | ) | |
| **ELITE LLC, and WATSON** | ) | |
| **APPAREL CO., LLC,** | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## PLAINTIFFS' OPPOSITION TO
## DEFENDANTS ALL STAR ELITE LLC AND WATSON APPAREL CO., LLC'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Plaintiffs Jaylin Kemp ("Kemp") and Aqlimate, LLC ("Aqlimate") hereby oppose Defendants All Star Elite LLC ("All Star") and Watson Apparel Co., LLC's ("Watson Apparel") motion to set aside the Clerk's entry of default against them. In support of this opposition, Plaintiffs state the following:

## ARGUMENT

All Star Elite and Watson Apparel fail to show they are entitled to relief and the Clerk's entry of default in this case should stand. Under Rule 55(c), an entry of default may only be set aside "for good cause." Fed. R. Civ. P. 55(c). Although this

1

standard is "not susceptible to a precise formula," the Eleventh Circuit "ha[s] instructed district courts to consider several factors," including whether a "meritorious defense" exists, whether the default was "culpable or willful," whether the defaulting party acted promptly to cure the default, and whether a decision to set aside an entry of default would prejudice the plaintiff. *Hall v. Masters*, No. 25-11275, 2025 WL 3654712, at \*3 (11th Cir. Dec. 17, 2025). Courts may also  consider "whether the public interest was implicated, [and] whether there was significant financial loss to the defaulting party[.]" *Saunders v. Neighborhood Restaurant Partners*,  No. 24-10578, 2025 WL 1805781, at \*4 (11th Cir. July 1, 2025). Here, these factors weigh in favor of denying the motion to set aside entry of default.

**A. Defendants do not demonstrate they have meritorious defenses.**

First, Defendants do not demonstrate they have meritorious defenses. "[T]o establish a meritorious defense, the moving party 'must make an affirmative showing of a defense that is likely to be successful.'" *In re Worldwide*, 328 F.3d at 1296 (citing *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986)). When the Court mentions "meritorious defenses," it means more than bare legal conclusions. *See Savoia-McHugh v. Glass*, 95 F.4th 1337, 1345 n.12 (11th Cir. 2024). Yet "bare legal conclusions" are all Defendants offer in their Motion. *See* doc. 14 at 6-7. Indeed, "a general denial does not satisfy a party's burden of offering a meritorious defense." *IB Roof Sys., Inc. v. Four Hearts, LLC*, 2022 WL

22938591, at *5 (N.D. Ala. May 17, 2022). The denials included at pages 6 and 7 of Defendants' motion are "general" and insufficient, and the case law Defendants cite do not support them. For example, Defendants cite *Sherrard v. Macy's Sys. and Tech. Inc.* for the proposition that the alleged meritorious defenses they raise "are more than a perfunctory denial" and would defeat Plaintiffs' claims. However, this quoted language does not appear in the *Sherrard* opinion. Although the Court acknowledged that assertion of a meritorious defense is a factor considered by the Court, it ultimately concluded that "the district court properly refused to rely upon Macy's bald assertions that it had a meritorious defense." 724 F. App'x 736, 739 (11th Cir. 2018).

The only "defense" that could arguably be meritorious is Defendants' claim that the Mark and the design used on the infringing products are "visually distinct." While similarity of the marks is one factor the Court may consider in a trademark infringement action, it requires a determination "as to whether the products are the kind that the public attributes to a single source, not whether or not the purchasing public can readily distinguish between the products of the respective parties," which is what Defendants urge this Court to do. *Wreal, LLC v. Amazon.com, Inc.*, 38 F.4th 114, 132 (11th Cir. 2022). In *Wreal*, the Eleventh Circuit found that the similarity of the mark analysis favored the trademark holder because the marks were nearly identical (as is the case here) and had the same meaning, even though they were

spelled slightly differently and used different fonts. *See Wreal*, 38 F.4th at 132. Other cases are in accord. *See Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369 (Fed. Cir. 2012) ("When trademarks would appear on substantially identical goods, 'the degree of similarity necessary to support a conclusion of likely confusion declines.'") (citing *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d 1344, 1355 (Fed. Cir. 2011)); *Frehling Enter., Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1338 (11th Cir. 1999) ("While the compositional differences matter [between two products], they are not dispositive; we focus, rather, on the reasonable believe of the average consumer as to what the likely source of the goods was . . ." even though there were differences in composition, function, and design); *E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imports, Inc.*, 756 F.2d 1525 (11th Cir. 1985) (finding that the trial court wrongly held plaintiff to a showing of actual confusion, as opposed to likelihood of confusion; that the relevant question was "whether the products are the kind the public attributes to a single source;" and that the rights of a trademark owner "extend to *any goods* related in the minds of the consumers in the sense that a single producer is likely to put out both goods.").

Simply put, Defendants have not raised meritorious defenses in response to the complaint.

**B. Defendants' failure to respond to the complaint was either willful or culpable.**

Defendants do not articulate a good reason for failing to respond to the complaint. Instead, it is undisputed that All Star and Watson Apparel were properly and timely served in this case through their registered agents, and Defendants have not challenged this service. All Star was served on February 20, 2026, and its time to respond to the complaint expired March 13, 2026. It did not file a responsive pleading or otherwise seek additional time to do so. Watson Apparel was served on February 25, 2026, and its time to respond to the complaint expired March 18, 2026. It similarly did not file a responsive pleading by that date or otherwise seek an extension of its deadline. Defendants do not dispute these facts, which clearly demonstrate either willful or culpable conduct by them. As a result of their failure to respond, the Clerk entered default against them on April 13, 2026. *See* doc. 8.

Interestingly, the only justification Defendants offer to the Court for the failure to respond is not mistake or inadvertence, but that the complaint "did not reach a person with both knowledge of the substance of the suit and authority to engage litigation counsel in time to file a Rule 12 response." Doc. 14 at 5. In *IB Roof Systems, Inc.*, however, the Northern District of Alabama considered and rejected a similar argument that a defendants' failure to respond to a complaint was for "lack of legal knowledge" where the defendants did not "support their contention that [this] reason [was] sufficient to prove excusable neglect with case law specific to the

5

proposed reason." *IB Roof Sys., Inc.*, 2022 WL 22938591 at *5. The Court should also reject Defendants' argument here. Indeed, "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings denying relief." *Savoia-McHugh v. Glass*, 95 F. 4th 1337, 1342-43 (11th Cir. 2024).

Furthermore, Defendants' failure to respond to the complaint is not analogous to the *Compania Interamericana* case cited in their Motion. *See Compania Interamericana Expert-Import S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948 (11th Cir. 1996). In fact, *Compania Interamericana* did not reverse a "refusal to set aside default where defendant's failure to answer was the product of misunderstanding rather than a conscious or reckless choice," as Defendants allege in their Motion at page 4. But the language Defendants purport to quote does not even appear in the Court's opinion. Rather, the Court held that the district court did not abuse its discretion in denying Dominicana's relief from default and affirmed the district court. *See id.* at 950. In fact, *Compania Interamericana* actually supports **Plaintiffs'** position here because the Eleventh Circuit there denied Dominicana relief from default even in the face of alleged "political unrest and the struggling economy" and affirmed the district court's denial of the motion to set aside the entry of default. *Id.* at 952. Instead, Defendants here are more similarly situated to the defendant in *Brand Banking and Trust Co. v. Maxwell,* where two Defendants "ignored . . . notice

6

of the motion for default [] and notice of the default judgment itself." 512 F. App'x 1010, 1012 (11th Cir. 2013). Such behavior should not be rewarded, and Defendants' motion should be denied.

### C. Plaintiffs would be prejudiced if the entry of default against Defendants is set aside.

Lastly, Plaintiffs would be prejudiced if the defaults are set aside. While the case is in the early stages of litigation, the harm done by Defendants compounds daily. With each day, Defendants continue to advertise, distribute, and sell their infringing hoodies, making profits from use of Plaintiffs' Mark. This behavior must be stopped immediately, and the Clerk's entry of default was the first step towards relief.

### CONCLUSION

For the foregoing reasons, Defendants' motion to set aside the default should be denied.

Date: June 18, 2026                    Respectfully submitted,

*/s/ Ambria L. Lankford*
Kenneth M. Perry (ASB-4945-E67K)
Ambria L. Lankford (ASB-2461-Q94V)
Jennifer M. Moore (ASB-2400-I11J)
**KEN PERRY LAW FIRM, LLC**
1615 Financial Center
505 20th Street North
Birmingham, AL 35203
(205) 778-2001

kp@kenperrylawfirm.com
all@kenperrylawfirm.com
jmm@kenperrylawfirm.com


*Attorneys for Plaintiffs Jaylin Kemp and Aqlimate LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notice to all counsel and parties of record.

Douglas L. Bridges, Esq.
AdamsIP, LLC
453 Dauphin Street
Mobile, Alabama 36602
Telephone: (251) 289-9787
E-mail: doug@adamsiplaw.com

*Attorney for Defendants*


/s/ Ambria L. Lankford
OF COUNSEL