FILED

2026 Jul-14  PM 12:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JAYLIN KEMP and AQLIMATE LLC,** | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| **v.** | ) | **Case No: 2:26-cv-00129-MHH** |
| | ) | |
| | ) | |
| **JEFFREY WATSON, ALL STAR ELITE LLC,** | ) | |
| **and WATSON APPAREL CO., LLC,** | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

---

## AMENDED COMPLAINT

---

Plaintiffs Jaylin Kemp ("Kemp") and Aqlimate, LLC ("Aqlimate") (collectively, "Plaintiffs") file this Amended Complaint against Jeffrey Watson, All Star Elite LLC, and Watson Apparel Co., LLC (collectively, "Defendants") seeking an injunction and damages on the grounds of trademark infringement, trademark counterfeiting, trademark dilution, unfair competition, and violation of Alabama's Deceptive Trade Practices Act.

### NATURE OF THE DISPUTE

1. This action arises from Defendants' repeated, willful, and egregious misappropriation of Kemp's unique dragonfly trademark (the "Mark"), which is intended for the sole and exclusive use of Kemp through his brand and company, Aqlimate. Despite being aware of Kemp's exclusive trademark rights, Defendants nevertheless have repeatedly infringed these rights by selling a variety of counterfeits and products nearly identical to the Mark on hooded sweatshirts, also known as "hoodies," and other clothing.

1

2.    This is an action for (1) preliminary and permanent injunctive relief restraining and enjoining Defendants from using, advertising, or displaying the Mark in connection with the sale of any and all apparel or other goods, including shirts, clothing jackets, raincoats, rainwear, vests, hoodies, footwear, polo shirts, sweatpants, tops as clothing, and bottoms as clothing; (2) damages arising from Defendants' unfair competition, infringement, and dilution; and (3) attorneys' fees and costs accrued in connection with this action.

## PARTIES

3.    Plaintiff Jaylin Kemp is an adult resident of Dallas, Texas.

4.    Plaintiff Aqlimate, LLC is a limited liability company organized under the laws of the State of Texas. Its sole members are Kemp, a citizen of the State of Texas, and Michael Kemp, a citizen of the State of Alabama.

5.    Upon information and belief, Jeffrey Watson ("Watson") is an adult resident of Virginia Beach, Virgina. Watson owns and operates retail apparel stores with online sales directed to and physical locations in the State of Alabama.

6.    Upon information and belief, Watson Apparel Co., LLC ("Watson Apparel") is a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business at 100 Landmark Square, Virginia Beach, Virginia 23452-6822. Watson Apparel Co., LLC conducts business in the State of Alabama.

7.    Upon information and belief, All Star Elite, LLC ("All Star") is a limited liability company registered to conduct business in the State of Alabama and organized under the laws of the Commonwealth of Virginia with its principal place of business at 100 Landmark Square, Virginia Beach, Virginia 23452-6822.

**JURISDICTION AND VENUE**

8.      This action is based on Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114, Section 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a) and (c), and the common law of the State of Alabama.

9.      This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 (actions arising under the Lanham Act) and 28 U.S.C. §§ 1332 (diversity jurisdiction), 1338(a) (any act of Congress relating to patents or trademarks), and 1338(b) (any action asserting claim of unfair competition joined with a substantial and related claim under the trademark law).

10.     Even if diversity of citizenship did not exist, this Court could exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for all state law claims asserted in this Complaint because those claims are so closely related to the federal claims over which this Court has original jurisdiction that they form part of the same case or controversy pursuant to Article III of the United States Constitution.

11.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district.

**FACTUAL ALLEGATIONS**

**A.  <u>Kemp Creates and Registers the Mark</u>**

12.     In early 2023, Kemp began creating an exclusive apparel brand and a business to sell such brand.

13.     As part of these efforts, in or about February 2023, Kemp engaged a marketing company, Telegraph, to help develop an official logo for his brand.

14.    Kemp ultimately settled on the name "Aqlimate" and the logo below (i.e., the Mark) for his exclusive branded online retail store:



15.    In 2023, Kemp began using the Mark in promotional material and sales for his Aqlimate brand and store, including but not limited to use on social media. These promotional materials are widely available nationwide through online marketing and social media sites with thousands of regular "followers" and visitors.

16.    Kemp also began working to create an online retail store for Aqlimate to exclusively sell products bearing the Mark. This site was completed and went live on or about May 24, 2024.

17.    Kemp subsequently applied for and, on November 11, 2025, was granted U.S. Trademark Registration No. 8,022,044 for the Mark. This registration granted Kemp exclusive use of the Mark for "shirts; clothing jackets; raincoats; rainwear; vests; hooded sweatshirts; footwear; polo shirts; sweatpants; sweatsuits; tops as clothing; [and] bottoms as clothing."

18.    Kemp thus has continuously used the Mark since 2023, including through sales of Aqlimate-branded products. These sales primarily originate online and include deliveries nationwide.

19.    For example, in the trailing 12 months alone, Aqlimate has shipped over 1,485 hoodies bearing the Mark to customers across 47 U.S. states, generating over $157,000 in verified sales, with additional deliveries to Canada and other international markets. The Aqlimate website has drawn over 127,000 visitor sessions from 145 countries during the same period, and the Mark has been continuously promoted through paid and organic advertising across Instagram, TikTok, and Meta since 2023.

20.     Consumers across the United States thus recognize the Mark and associate it exclusively with Kemp and Aqlimate.

B. **Defendants' Inappropriate Use of the Mark**

21.     Upon information and belief, Watson, All Star, and Watson Apparel each procure, market, distribute, and sell a wide array of clothing both online, including on social media platforms including, but not limited to, Instagram and TikTok, and through various brick-and-mortar retail stores.

22.     In late 2025, Kemp learned that All Star and Watson Apparel were impermissibly manufacturing and selling apparel identical to, or substantially indistinguishable from, products sold by Aqlimate and bearing the Mark. Upon information and belief, such conduct was authorized and approved by Watson.

23.     These sales occur online and at brick-and-mortar locations, including but not limited to stores owned by All Star and Watson Apparel in Hoover, Alabama; Las Vegas, Nevada; Atlanta, Georgia; Nashville, Tennessee; and Dallas, Texas.

24.     For example, All Star and Watson Apparel both manufacture and sell hoodies bearing the Mark and indistinguishable from those sold by Kemp:

| GENUINE AQLIMATE DRAGONFLY HOODIE | DEFENDANTS' INFRINGING DRAGONFLY HOODIE |
|---|---|



25.     Upon information and belief, Defendants' products often are of inferior quality, even though they bear a design making them outwardly indistinguishable from Aqlimate-branded products.

6

26. Defendants' products bearing the Mark are not manufactured, packaged, or approved for sale and/or distribution by Kemp.

27. Upon information and belief, Watson personally selected, approved, authorized, and/or directed the production, marketing, distribution and/or sale of Defendants' products.

### C. **Plaintiff Attempts to Resolve the Issue of Misuse**

28. After learning of Defendants' conduct, Kemp began efforts to protect his registered and exclusive interest in the Mark.

29. On December 1, 2025, counsel for Kemp corresponded with Defendants by letter regarding their impermissible use of the Mark.

30. Despite receiving this letter, neither Watson, All Star, nor Watson Apparel responded to this correspondence.

31. Instead, Defendants continue selling reproductions of Kemp's products bearing the Mark both online and in brick-and-mortar stores, and Watson continues to market, procure, authorize, and approve the sale, manufacture, distribution, and marketing of such products.

32. Defendants' actions are thus knowing, willful, and intentional.

33. Kemp has invested significant time, energy, and money advertising, promoting, and selling merchandise featuring the Mark, as well as ensuring the high quality of the products he sells bearing the Mark.

34. Defendants' pattern and practice of offering for sale and selling various products featuring the Mark and/or products that are confusingly similar to Aqlimate-branded products has created confusion in the market, diluted Kemp's Aqlimate brand, and damaged Plaintiffs.

**COUNT I**
**(Against Defendant All Star Elite, LLC)**
**Violation of Section 43(a) of the Lanham Act – False Designations of Origins**
**15 U.S.C. § 1125(a)**

35.     Plaintiffs adopt and incorporate the allegations of Paragraphs 1 through 34 as if fully set forth herein.

36.     The unauthorized use of the Mark by All Star in connection with the distribution, marketing, advertising, promotion, and/or offering for sale of its infringing products constitutes use of a symbol or devise that is likely to cause confusion, mistake, or deception as to the affiliation or connection of All Star to Kemp's brand and as to the origin, sponsorship, association, or approval of All Star's infringing products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37.     Kemp has priority rights to the Mark dating back to its creation and first use in 2023.

38.     Kemp has made continuous use of the Mark in connection with his business services since 2023.

39.     Kemp was granted formal registration of the Mark by the U.S. Patent and Trademark Office ("USPTO") on November 11, 2025.

40.     Kemp's first use predates All Star's improper first use.

41.     At all relevant times, All Star had actual and direct knowledge of Kemp's prior use and ownership of the Mark.

42.     The conduct of All Star constitutes willful and intentional infringement of Kemp's rights in the Mark.

43.     All Star's wrongful acts will continue unless enjoined by this Court.

44.    As a result of All Star's acts, Kemp has suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law. This irreparable damage far outweighs any injury that would be imposed on All Star by enjoining its wrongful use of the Mark.

45.    Issuance of an injunction will serve the public's interest in protecting the intellectual property rights of parties and protecting the public against the confusion and mistake that have resulted, and will continue to result, among actual and potential customers because of All Star's continued use of the Mark.

46.    All Star's use of the Mark has caused, and will continue to cause, confusion and mistake as to the affiliation, connection, and association of All Star with Plaintiffs, as well as confusion and mistake as to the origin, sponsorship, association, or approval of their infringing products, and therefore violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.    In addition to an injunction, Plaintiffs are also entitled to profits, damages, and costs, including reasonable attorneys' fees, as provided for by Sections 35(a) and (b) of the Lanham Act, 15 U.S.C. § 1117, in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor, including entry of a preliminary and permanent injunction to prevent All Star's continued use of the Mark, compensatory damages, profits, damages, costs, and reasonable attorneys' fees.

### COUNT II
### (Against Defendant Watson Apparel Co., LLC)
### Violation of Section 43(a) of the Lanham Act – False Designations of Origins
### 15 U.S.C. § 1125(a)

48.    Plaintiffs adopt and incorporate the allegations of Paragraphs 1 through 47 as if fully set forth herein.

49.    The unauthorized use of the Mark by Watson Apparel in connection with the distribution, marketing, advertising, promotion, and/or offering for sale of its infringing products

constitutes use of a symbol or devise that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Watson Apparel to Kemp's brand and as to the origin, sponsorship, association, or approval of Watson Apparel's infringing products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Kemp has priority rights to the Mark dating back to its creation and first use in 2023.

51. Kemp has made continuous use of the Mark in connection with his business services since 2023.

52. Kemp was granted formal registration of the Mark by the U.S. Patent and Trademark Office ("USPTO") on November 11, 2025.

53. Kemp's first use predates Defendants' improper first use.

54. At all relevant times, Watson Apparel had actual and direct knowledge of Kemp's prior use and ownership of the Mark.

55. Watson Apparel's conduct constitutes willful and intentional infringement of Kemp's rights in the Mark.

56. Watson Apparel's wrongful acts will continue unless enjoined by this Court.

57. As a result of Watson Apparel's acts, Kemp has suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law. This irreparable damage far outweighs any injury that would be imposed on Watson Apparel by enjoining its wrongful use of the Mark.

58. Issuance of an injunction will serve the public's interest in protecting the intellectual property rights of parties and protecting the public against the confusion and mistake that have resulted, and will continue to result, among actual and potential customers because of Watson Apparel's continued use of the Mark.

10

59. Watson Apparel's use of the Mark has caused, and will continue to cause, confusion and mistake as to the affiliation, connection, and association of Watson Apparel with Plaintiffs, as well as confusion and mistake as to the origin, sponsorship, association, or approval of their infringing products, and therefore violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60. In addition to an injunction, Plaintiffs are also entitled to profits, damages, and costs, including reasonable attorneys' fees, as provided for by Sections 35(a) and (b) of the Lanham Act, 15 U.S.C. § 1117, in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor, including entry of a preliminary and permanent injunction to prevent Watson Apparel's continued use of the Mark, compensatory damages, profits, damages, costs, and reasonable attorneys' fees.

## COUNT III
### (Against Defendant Jeffrey Watson)
### Violation of Section 43(a) of the Lanham Act – False Designations of Origins
### 15 U.S.C. § 1125(a)

61. Plaintiffs adopt and incorporate the allegations of Paragraphs 1 through 60 as if fully set forth herein.

62. Watson is the alter ego of his entities, All Star and Watson Apparel, and/or has engaged in conduct supporting veil-piercing such as disregarding corporate formalities and comingling funds.

63. Watson personally designed, selected, marketed, and sold the infringing products.

64. Watson further approved, authorized, and/or directed the design, manufacture, distribution, marketing, and/or sale of the infringing products.

65. The unauthorized use of the Mark by Watson in connection with the distribution, marketing, advertising, promotion, and/or offering for sale of Defendants' infringing products

constitutes use of a symbol or devise that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants to Kemp's brand and as to the origin, sponsorship, association, or approval of Defendants' infringing products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66.     Kemp has priority rights to the Mark dating back to its creation and first use in 2023.

67.     Kemp has made continuous use of the Mark in connection with his business services since 2023.

68.     Kemp was granted formal registration of the Mark by the U.S. Patent and Trademark Office ("USPTO") on November 11, 2025.

69.     Kemp's first use predates Defendants' improper first use.

70.     Watson received Plaintiffs' December 1, 2025, demand letter, but refused to respond.

71.     At all relevant times, Watson had actual and direct knowledge of Kemp's prior use and ownership of the Mark.

72.     Watson's conduct constitutes willful and intentional infringement of Kemp's rights in the Mark.

73.     Watson's wrongful acts will continue unless enjoined by this Court.

74.     As a result, Kemp has suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law. This irreparable damage far outweighs any injury that would be imposed on Watson by enjoining his wrongful use of the Mark.

75.     Issuance of an injunction will serve the public's interest in protecting the intellectual property rights of parties and protecting the public against the confusion and mistake

that have resulted, and will continue to result, among actual and potential customers because of Defendants' continued use of the Mark.

76.    Watson's use of the Mark has caused, and will continue to cause, confusion and mistake as to the affiliation, connection, and association of Defendants with Plaintiffs, as well as confusion and mistake as to the origin, sponsorship, association, or approval of Defendants' infringing products, and therefore violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77.    In addition to an injunction, Plaintiffs are also entitled to profits, damages, and costs, including reasonable attorneys' fees, as provided for by Sections 35(a) and (b) of the Lanham Act, 15 U.S.C. § 1117, in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor, including entry of a preliminary and permanent injunction to prevent Defendants' continued use of the Mark, compensatory damages, profits, damages, costs, and reasonable attorneys' fees.

**COUNT IV**
**(Against Defendant All Star Elite, LLC)**
**Violation of Section 43(a) of the Lanham Act - Trademark Dilution**
**15 U.S.C. § 1125(c)**

78.    Plaintiffs adopt and incorporate the allegation of Paragraphs 1 through 77 as if fully set forth herein.

79.    Kemp is the exclusive owner of the Mark and holds a federal trademark registration certificate for use of the Mark.

80.    As a result of the extensive and continuous use of the Mark nationwide, including but not limited to use in association with Plaintiff's business Aqlimate, as well as the distinctive and strong nature of the Mark, the Mark is famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). The Mark was famous and distinctive long before All Star began

13

selling the infringing products bearing identical, or substantially indistinguishable, copies of the Mark.

81.    After the Mark became famous and was registered, All Star—without authorization from Kemp—created and sold unauthorized reproductions and counterfeits of Aqlimate-branded products bearing the Mark.

82.    Kemp has not authorized All Star's use of the Mark to advertise, offer for sale, sell, and/or distribute All Star's products.

83.    All Star has used the Mark in commerce in connection with the advertising, sale, offering for sale, and/or distribution of products for their own financial gain.

84.    All Star's use of the Mark has caused Kemp to suffer harm to his business reputation, has diluted the distinctive value and quality of the Mark, and has diminished Kemp's reputation as a provider of reliable, high-quality products.

85.    All Star's wrongful acts will continue unless enjoined by this Court.

86.    As a result of All Star's acts, Kemp has suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law.

87.    Through the acts set forth herein, All Star has intentionally and willfully diluted, and continue to dilute, Kemp's rights in the Mark and therefore violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(a).

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor, including entry of preliminary and injunctive relief, an award of profits, damages, costs, reasonable attorneys' fees, compensatory damages, and other relief the Court deems just.

## COUNT V
### (Against Defendant Watson Apparel Co., LLC)
### Violation of Section 43(a) of the Lanham Act - Trademark Dilution
### 15 U.S.C. § 1125(c)

88.     Plaintiffs adopt and incorporate the allegation of Paragraphs 1 through 87 as if fully set forth herein.

89.     Kemp is the exclusive owner of the Mark and holds a federal trademark registration certificate for use of the Mark.

90.     As a result of the extensive and continuous use of the Mark nationwide, including but not limited to use in association with Plaintiff's business Aqlimate, as well as the distinctive and strong nature of the Mark, the Mark is famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). The Mark was famous and distinctive long before Watson Apparel began selling the infringing products bearing identical, or substantially indistinguishable, copies of the Mark.

91.     After the Mark became famous and was registered, Watson Apparel—without authorization from Kemp—created and sold unauthorized reproductions and counterfeits of Aqlimate-branded products bearing the Mark.

92.     Kemp has not authorized Watson Apparel's use of the Mark to advertise, offer for sale, sell, and/or distribute Watson Apparel's products.

93.     Watson Apparel has used the Mark in commerce in connection with the advertising, sale, offering for sale, and/or distribution of products for their own financial gain.

94.     Watson Apparel's use of the Mark has caused Kemp to suffer harm to his business reputation, has diluted the distinctive value and quality of the Mark, and has diminished Kemp's reputation as a provider of reliable, high-quality products.

95.     Watson Apparel's wrongful acts will continue unless enjoined by this Court.

96.     As a result of Watson Apparel's acts, Kemp has suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law.

97.     Through the acts set forth herein, Watson Apparel has intentionally and willfully diluted, and continue to dilute, Kemp's rights in the Mark and therefore violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(a).

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor, including entry of preliminary and injunctive relief, an award of profits, damages, costs, reasonable attorneys' fees, compensatory damages, and other relief the Court deems just.

### COUNT VI
### (Against Defendant Jeffrey Watson)
### Violation of Section 43(a) of the Lanham Act - Trademark Dilution
### 15 U.S.C. § 1125(c)

98.     Plaintiffs adopt and incorporate the allegation of Paragraphs 1 through 97 as if fully set forth herein.

99.     Kemp is the exclusive owner of the Mark and holds a federal trademark registration certificate for use of the Mark.

100.    As a result of the extensive and continuous use of the Mark nationwide, including but not limited to use in association with Plaintiff's business Aqlimate, as well as the distinctive and strong nature of the Mark, the Mark is famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). The Mark was famous and distinctive long before Watson began selling or authorizing/directing/approving the sale of the infringing products bearing identical, or substantially indistinguishable, copies of the Mark.

101.    After the Mark became famous and was registered, Watson—without authorization from Kemp—created and sold, and/or directed, authorized, and/or approved the creation and sale of unauthorized reproductions and counterfeits of Aqlimate-branded products bearing the Mark.

16

102.    Kemp has not authorized Watson's use of the Mark to advertise, offer for sale, sell, and/or distribute Defendants' products.

103.    Watson has used the Mark in commerce in connection with the advertising, sale, offering for sale, and/or distribution of products for his own financial gain.

104.    Watson's use of the Mark has caused Kemp to suffer harm to his business reputation, has diluted the distinctive value and quality of the Mark, and has diminished Kemp's reputation as a provider of reliable, high-quality products.

105.    Watson's wrongful acts will continue unless enjoined by this Court.

106.    As a result of Watson's acts, Kemp has suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law.

107.    Through the acts set forth herein, Watson has intentionally and willfully diluted, and continue to dilute, Kemp's rights in the Mark and therefore violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(a).

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor, including entry of preliminary and injunctive relief, an award of profits, damages, costs, reasonable attorneys' fees, compensatory damages, and other relief the Court deems just.

## COUNT VII
### (Against Defendant All Star Elite, LLC)
### Violation of Section 32 of the Lanham Act - Trademark Counterfeiting
### 15 U.S.C. § 1114

108.    Plaintiffs adopt and incorporate the allegations of Paragraphs 1 through 107 as if fully set forth herein.

109.    All Star has manufactured, marketed, advertised, offered for sale, sold, and distributed products bearing marks that are identical to, or substantially indistinguishable from, the Mark for which Kemp holds a federal trademark registration and for their own financial gain.

17

110.    Kemp has held this registration since November 11, 2025, and never authorized All Star's use of the Mark.

111.    At all relevant times, All Star had actual and direct knowledge of Kemp's ownership and prior use of the Mark. All Star's conduct is therefore willful and reflects its intent to exploit the strong brand recognition associated with the Mark.

112.    As a result of these acts, Kemp has suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law.

113.    All Star's wrongful acts will continue unless enjoined by this Court.

114.    Through the acts set forth herein, All Star's actions constitute trademark counterfeiting in violation of Section 32 the Lanham Act, 15 U.S.C. § 1114.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor, including entry of a preliminary and permanent injunction to prevent All Star's continued use of the Mark, compensatory damages, treble damages, costs, and reasonable attorneys' fees.

**COUNT VIII**
**(Against Defendant Watson Apparel Co., LLC)**
**Violation of Section 32 of the Lanham Act - Trademark Counterfeiting**
**15 U.S.C. § 1114**

115.    Plaintiffs adopt and incorporate the allegations of Paragraphs 1 through 114 as if fully set forth herein.

116.    Watson Apparel has manufactured, marketed, advertised, offered for sale, sold, and distributed products bearing marks that are identical to, or substantially indistinguishable from, the Mark for which Kemp holds a federal trademark registration and for their own financial gain.

117.    Kemp has held this registration since November 11, 2025, and never authorized Watson Apparel's use of the Mark.

118. At all relevant times, Watson Apparel had actual and direct knowledge of Kemp's ownership and prior use of the Mark. Watson Apparel's conduct is therefore willful and reflects its intent to exploit the strong brand recognition associated with the Mark.

119. As a result of these acts, Kemp has suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law.

120. Watson Apparel's wrongful acts will continue unless enjoined by this Court.

121. Through the acts set forth herein, Watson Apparel's actions constitute trademark counterfeiting in violation of Section 32 the Lanham Act, 15 U.S.C. § 1114.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor, including entry of a preliminary and permanent injunction to prevent Watson Apparel's continued use of the Mark, compensatory damages, treble damages, costs, and reasonable attorneys' fees.

**COUNT IX**
**(Against Defendant Jeffrey Watson)**
**Violation of Section 32 of the Lanham Act - Trademark Counterfeiting**
**15 U.S.C. § 1114**

122. Plaintiffs adopt and incorporate the allegations of Paragraphs 1 through 121 as if fully set forth herein.

123. Watson is the alter ego of his entities, All Star and Watson Apparel, and/or has engaged in conduct supporting veil-piercing such as disregarding corporate formalities and comingling funds.

124. Watson has manufactured, marketed, advertised, offered for sale, sold, and distributed products bearing marks that are identical to, or substantially indistinguishable from, the Mark for which Kemp holds a federal trademark registration and for their own financial gain.

125. Alternatively, Watson has approved, authorized, and/or directed the manufacture, advertisement, offer for sale, sale, and distribution of products bearing marks that are identical to,

or substantially indistinguishable from, the Mark for which Kemp holds a federal trademark registration and for their own financial gain.

126. Kemp has held this registration since November 11, 2025, and never authorized Watson's use of the Mark.

127. At all relevant times, Watson had actual and direct knowledge of Kemp's ownership and prior use of the Mark. Watson's conduct is therefore willful and reflects his intent to exploit the strong brand recognition associated with the Mark.

128. As a result of these acts, Kemp has suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law.

129. Watson's wrongful acts will continue unless enjoined by this Court.

130. Through the acts set forth herein, Watson's actions constitute trademark counterfeiting in violation of Section 32 the Lanham Act, 15 U.S.C. § 1114.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor, including entry of a preliminary and permanent injunction to prevent Defendants' continued use of the Mark, compensatory damages, treble damages, costs, and reasonable attorneys' fees.

### COUNT X
**(Against Defendant All Star Elite, LLC)**
**Trademark Infringement and Unfair Business Practices**
**Ala. Code § 8-12-1, et seq.**

131. Plaintiffs adopt and incorporate the allegations of Paragraphs 1 through 130 as if fully set forth herein.

132. Kemp has exclusive ownership of the Mark and has solely authorized Aqlimate to use that mark to designate the origin and ownership of the clothing and apparel it sells and distributes.

133. The Mark is widely recognized by the public as being associated with the Aqlimate

brand and business, and is thus famous as defined by Ala. Code (1975) § 8-12-17(b).

134.    All Star has reproduced, counterfeited, copied, and/or colorably imitated the Mark and used it in conjunction with All Star's advertisement, offering for sale, selling, and/or distribution of the infringing hoodies.

135.    All Star knew that use of the Mark would cause confusion and/or mistake among consumers.

136.    All Star's use of the Mark has also diluted the Mark in Aqlimate's geographical area of business.

137.    As a result of these acts, Plaintiffs have suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law.

138.    All Star's conduct thus constitutes trademark infringement in violation of Ala. Code (1975) §§ 8-12-16 and 8-12-19.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor, including preliminary and permanent injunctive relief, actual damages, treble damages, attorneys' fees, and costs, pursuant to Ala. Code (1975) §§ 8-12-17 and 8-12-18, and any other relief the Court deems just.

## COUNT XI
### (Against Defendant Watson Apparel Co., LLC)
### Trademark Infringement and Unfair Business Practices
### Ala. Code § 8-12-1, et seq.

139.    Plaintiffs adopt and incorporate the allegations of Paragraphs 1 through 138 as if fully set forth herein.

140.    Kemp has exclusive ownership of the Mark and has solely authorized Aqlimate to use that mark to designate the origin and ownership of the clothing and apparel it sells and distributes.

21

141.    The Mark is widely recognized by the public as being associated with the Aqlimate brand and business, and is thus famous as defined by Ala. Code (1975) § 8-12-17(b).

142.    Watson Apparel has reproduced, counterfeited, copied, and/or colorably imitated the Mark and used it in conjunction with Watson Apparel's advertisement, offering for sale, selling, and/or distribution of the infringing hoodies.

143.    All Star knew that use of the Mark would cause confusion and/or mistake among consumers.

144.    All Star's use of the Mark has also diluted the Mark in Aqlimate's geographical area of business.

145.    As a result of these acts, Plaintiffs have suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law.

146.    All Star's conduct thus constitutes trademark infringement in violation of Ala. Code (1975) §§ 8-12-16 and 8-12-19.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor, including preliminary and permanent injunctive relief, actual damages, treble damages, attorneys' fees, and costs, pursuant to Ala. Code (1975) §§ 8-12-17 and 8-12-18, and any other relief the Court deems just.

**COUNT XII**
**(Against Defendant Jeffrey Watson)**
**Trademark Infringement and Unfair Business Practices**
**Ala. Code § 8-12-1, et seq.**

147.    Plaintiffs adopt and incorporate the allegations of Paragraphs 1 through 146 as if fully set forth herein.

22

148.    Kemp has exclusive ownership of the Mark and has solely authorized Aqlimate to use that mark to designate the origin and ownership of the clothing and apparel it sells and distributes.

149.    The Mark is widely recognized by the public as being associated with the Aqlimate brand and business, and is thus famous as defined by Ala. Code (1975) § 8-12-17(b).

150.    Watson has reproduced, counterfeited, copied, colorably imitated, and/or approved, authorized, and/or directed the reproduction, counterfeit, copy, and/or colorable imitation of the Mark. Watson further has used and approved, authorized, and/or directed the use of the Mark in conjunction with Defendants' advertisement, offering for sale, selling, and/or distribution of the infringing hoodies.

151.    Watson knew that use of the Mark would cause confusion and/or mistake among consumers.

152.    Watson's  conduct has also diluted the Mark in Aqlimate's geographical area of business.

153.    As a result of these acts, Plaintiffs have suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law.

154.    Watson's conduct thus constitutes trademark infringement in violation of Ala. Code (1975) §§ 8-12-16 and 8-12-19.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor, including preliminary and permanent injunctive relief, actual damages, treble damages, attorneys' fees, and costs, pursuant to Ala. Code (1975) §§ 8-12-17 and 8-12-18, and any other relief the Court deems just.

**COUNT XIII**
**(Against Defendant All Star)**
**Violation of the Alabama Deceptive Trade Practices Act**
**Ala. Code (1975) § 8-19-1 et seq.**

155.    Plaintiffs adopt and incorporate the allegations of Paragraphs 1 through 154 as if fully set forth herein.

156.    All Star's use of identical or substantially indistinguishable copies of the Mark has caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of products sold by All Star.

157.    Consumers often mistake products sold by All Star as being the same as or affiliated with Aqlimate.

158.    Through their distribution, advertisement, promotion, offering for sale, and sale of products confusingly similar to Aqlimate-branded products and bearing the Mark, All Star has engaged in deceptive acts or practices in the conduct of business in violation of the Alabama Deceptive Trade Practices Act.

159.    As a result of these acts, Aqlimate has suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor, including an award of actual and treble damages pursuant to Ala. Code (1975) § 8-19-11, and any other relief the Court deems just.

**COUNT XIV**
**(Against Defendant Watson Apparel Co., LLC)**
**Violation of the Alabama Deceptive Trade Practices Act**
**Ala. Code (1975) § 8-19-1 et seq.**

160.    Plaintiffs adopt and incorporate the allegations of Paragraphs 1 through 159 as if fully set forth herein.

161. Watson Apparel's use of identical or substantially indistinguishable copies of the Mark has caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of products sold by All Star.

162. Consumers often mistake products sold by Watson Apparel as being the same as or affiliated with Aqlimate.

163. Through its distribution, advertisement, promotion, offering for sale, and sale of products confusingly similar to Aqlimate-branded products and bearing the Mark, Watson Apparel has engaged in deceptive acts or practices in the conduct of business in violation of the Alabama Deceptive Trade Practices Act.

164. As a result of these acts, Aqlimate has suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor, including an award of actual and treble damages pursuant to Ala. Code (1975) § 8-19-11, and any other relief the Court deems just.

**COUNT XV**
**(Against Defendant Jeffrey Watson)**
**Violation of the Alabama Deceptive Trade Practices Act**
**Ala. Code (1975) § 8-19-1 et seq.**

165. Plaintiffs adopt and incorporate the allegations of Paragraphs 1 through 164 as if fully set forth herein.

166. Watson is the alter ego of his entities, All Star and Watson Apparel, and/or has engaged in conduct supporting veil-piercing such as disregarding corporate formalities and comingling funds.

167. Watson personally designed, selected, marketed, and sold the infringing products.

25

168.    Watson further approved, authorized, and/or directed the design, manufacture, distribution, marketing, and/or sale of the infringing products.

169.    Watson's use of identical or substantially indistinguishable copies of the Mark has caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of products sold by Watson and his entities.

170.    Consumers often mistake products sold by Watson as being the same as or affiliated with Aqlimate.

171.    Through his distribution, advertisement, promotion, offering for sale, and sale of products confusingly similar to Aqlimate-branded products and bearing the Mark, and/or through his approval, authorization, and direction of same, Watson has engaged in deceptive acts or practices in the conduct of business in violation of the Alabama Deceptive Trade Practices Act.

172.    As a result of these acts, Aqlimate has suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor, including an award of actual and treble damages pursuant to Ala. Code (1975) § 8-19-11, and any other relief the Court deems just.

**COUNT XVI**
**(Against All Defendants)**
**Unfair Competition**
**Ala. Code (1975) § 8-19-1 et seq.**

173.    Plaintiffs adopt and incorporate the allegations of Paragraphs 1 through 172 as if fully set forth herein.

174.    By the acts described above, Defendants have intentionally engaged in unfair competition in violation of the Alabama Deceptive Trade Practices Act

175.   As a result of Defendants' acts, Aqlimate has suffered, and will continue to suffer, irreparable harm that has no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor, including entry of preliminary and injunctive relief, an award of compensatory damages, and any other relief the Court deems just.

**JURY TRIAL DEMANDED**

Respectfully submitted on this the 14th day of July, 2026.

/s/ Ambria L. Lankford
Kenneth M. Perry (ASB- ASB-4945-E67K)
Ambria L. Lankford (ASB-2461-Q94V)
Jennifer M. Moore (ASB-2400-I11J)

KEN PERRY LAW FIRM, LLC
1615 Financial Center
505 20th Street North
Birmingham, AL 35203
(205) 778-2001
kp@kenperrylawfirm.com
all@kenperrylawfirm.com
jmm@kenperrylawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 14th day of July, 2026, I filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notice of such filing to the following counsel of record:

Douglas L. Bridges
AdamsIP, LLC
453 Dauphin Street
Mobile, Alabama 36602
Phone: 251-289-9787
doug@adamsiplaw.com
*Attorney for Defendants*

s/Ambria L. Lankford
OF COUNSEL

27
