FILED
2026 Aug-06 PM 03:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JAYLIN KEMP and AQLIMATE, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: |
| | ) | 2:26-cv-00129-MHH |
| v. | ) | |
| | ) | |
| JEFFREY WATSON, ALL STAR ELITE, | ) | |
| LLC, and WATSON APPAREL CO., LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' AMENDED COMPLAINT**

COME NOW Defendants Jeffrey Watson ("Mr. Watson"), All Star Elite, LLC ("All Star"), and Watson Apparel Co., LLC ("Watson Apparel") (collectively, "Defendants"), by and through undersigned counsel, and, for their Answer and Affirmative Defenses to Plaintiffs' Amended Complaint (Doc. 20), state as follows. Defendants respond only to the allegations of the Amended Complaint and do not respond to its headings, captions, footnotes, photographs, or other images, each of which is denied to the extent it is deemed to contain a factual allegation. Any allegation not expressly admitted below is denied. Defendants' use of the defined term "the Mark" is for convenience only and is not an admission that Plaintiffs own any enforceable mark, that any Defendant has used any such mark, or that any mark is valid, protectable, distinctive, or famous.

In response to the unnumbered introductory paragraph preceding Paragraph 1, Defendants admit that Plaintiffs purport to assert the claims described therein and deny that any such claim has merit or that Plaintiffs are entitled to any relief whatsoever.

## NATURE OF THE DISPUTE

1. Defendants deny the allegations of Paragraph 1 of the Amended Complaint, including specifically any suggestion that any Defendant has misappropriated, infringed, counterfeited, or diluted any trademark, willfully or otherwise, and including any suggestion that any Defendant was aware of any exclusive trademark right of Plaintiffs. Defendants further deny that any product they have sold bears a counterfeit of, or is nearly identical to, the design shown in U.S. Trademark Registration No. 8,022,044.

2. Paragraph 2 of the Amended Complaint characterizes the relief Plaintiffs seek and states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 2 and deny that Plaintiffs are entitled to any relief whatsoever.

## PARTIES

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3 of the Amended Complaint, and on that basis deny them.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4 of the Amended Complaint, and on that basis deny them.

5. Defendants admit that Jeffrey Watson is an adult resident of Virginia Beach, Virginia. Defendants deny the remaining allegations of Paragraph 5, including specifically the allegation that Mr. Watson personally owns or operates retail apparel stores or directs online sales to the State of Alabama.

6. Defendants admit that Watson Apparel Co., LLC is a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business at

100 Landmark Square, Virginia Beach, Virginia 23452-6822. Except as expressly admitted, Defendants deny the allegations of Paragraph 6.

7. Defendants admit that All Star Elite, LLC is a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business at 100 Landmark Square, Virginia Beach, Virginia 23452, and that it is registered to transact business in the State of Alabama. Except as expressly admitted, Defendants deny the allegations of Paragraph 7.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that the Amended Complaint purports to assert claims under the cited statutes and under Alabama law, and deny that any such claim has merit.

9. Paragraph 9 of the Amended Complaint states legal conclusions to which no response is required. Defendants do not contest this Court's subject-matter jurisdiction over this action. Defendants lack knowledge or information sufficient to form a belief about the truth of the citizenship allegations on which Plaintiffs' assertion of diversity jurisdiction depends, and on that basis deny them.

10. Paragraph 10 of the Amended Complaint states legal conclusions to which no response is required, and Defendants therefore neither admit nor deny its allegations.

11. Paragraph 11 of the Amended Complaint states a legal conclusion to which no response is required. Defendants do not contest venue in this district and division. Defendants deny, however, that any act, omission, or event giving rise to liability occurred in this district or in any other district.

## FACTUAL ALLEGATIONS

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12 of the Amended Complaint, and on that basis deny them.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13 of the Amended Complaint, and on that basis deny them.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14 of the Amended Complaint, and on that basis deny them. Defendants further state that the image embedded in Paragraph 14 speaks for itself and is the best evidence of its contents, and deny any characterization of it.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 of the Amended Complaint, and on that basis deny them.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 of the Amended Complaint, and on that basis deny them.

17. Defendants admit that the records of the United States Patent and Trademark Office reflect that U.S. Trademark Registration No. 8,022,044 issued to Jaylin Kemp on November 11, 2025, and state that the registration certificate and its file history are documents that speak for themselves and are the best evidence of their contents, including the drawing and the description of the mark set forth therein. Defendants deny Plaintiffs' characterization of the scope of any rights conferred by that registration, and specifically deny that the registration confers any right in dragonflies, insects, or insect imagery generally as distinct from the particular stylized design shown in the drawing. Except as expressly admitted, Defendants deny the allegations of Paragraph 17.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 of the Amended Complaint, and on that basis deny them.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 of the Amended Complaint, and on that basis deny them.

20. Defendants deny the allegations of Paragraph 20 of the Amended Complaint.

21. Defendants admit that All Star and Watson Apparel each sell clothing at retail, including through online channels and social media. Defendants deny that Mr. Watson personally procures, markets, distributes, or sells clothing, and deny the remaining allegations of Paragraph 21, including any implication that the three Defendants act as a single undifferentiated enterprise.

22. Defendants deny the allegations of Paragraph 22 of the Amended Complaint, including specifically that All Star or Watson Apparel manufactured or sold any apparel identical to, or substantially indistinguishable from, any Aqlimate product or bearing the Mark, and including that Mr. Watson authorized or approved any such conduct.

23. Defendants deny the allegations of Paragraph 23 of the Amended Complaint, and specifically deny that any infringing sale has occurred at any physical location or through any online channel.

24. Defendants deny the allegations of Paragraph 24 of the Amended Complaint. Defendants state that the images embedded in Paragraph 24 speak for themselves and are the best evidence of their contents, and deny Plaintiffs' characterization of them. Defendants specifically deny that any product they have designed, manufactured, offered for sale, or sold bears a design identical to, substantially indistinguishable from, or confusingly similar to the design shown in U.S. Trademark Registration No. 8,022,044, and aver that the registered design

consists of a vertical needle with thread wrapped around it forming a flying insect, a needle-and-thread element that appears nowhere in any product Defendants have sold.

25. Defendants deny the allegations of Paragraph 25 of the Amended Complaint, including specifically that any of their products is of inferior quality or bears a design outwardly indistinguishable from any Aqlimate-branded product.

26. Defendants admit only that no product they have sold was manufactured, packaged, or approved by Kemp, and state that no such approval was ever required because no Defendant has used the Mark. Except as expressly admitted, Defendants deny the allegations of Paragraph 26, including specifically the premise that any Defendant's products bear the Mark.

27. Defendants deny the allegations of Paragraph 27 of the Amended Complaint, and specifically deny that Mr. Watson personally designed, selected, marketed, sold, or otherwise participated in the design, manufacture, distribution, advertisement, or sale of any allegedly infringing product, and deny that he actively and knowingly caused any act of infringement.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28 of the Amended Complaint, and on that basis deny them.

29. Defendants admit that counsel for Plaintiffs sent a letter dated December 1, 2025, and state that the letter speaks for itself and is the best evidence of its contents. Defendants deny Plaintiffs' characterization of that letter and deny that any "impermissible use" of the Mark occurred.

30. Defendants admit that no written response was sent to the December 1, 2025 letter. Defendants deny the remaining allegations of Paragraph 30, deny that any obligation to respond existed, and deny that any inference of wrongdoing, knowledge, or willfulness may be drawn from the absence of a response.

31. Defendants deny the allegations of Paragraph 31 of the Amended Complaint, including specifically that any Defendant sells reproductions of Plaintiffs' products or products bearing the Mark, whether online or in brick-and-mortar stores.

32. Defendants deny the allegations of Paragraph 32 of the Amended Complaint, and specifically deny that any act of any Defendant was knowing, willful, or intentional.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 33 of the Amended Complaint, and on that basis deny them.

34. Defendants deny the allegations of Paragraph 34 of the Amended Complaint, including specifically that any Defendant has offered for sale or sold products featuring the Mark or confusingly similar to any Aqlimate-branded product, and deny that any confusion, dilution, or damage has resulted.

## COUNT I
**(Against Defendant All Star Elite, LLC)**
**Violation of Section 43(a) of the Lanham Act – False Designations of Origins**
**15 U.S.C. § 1125(a)**

35. In response to Paragraph 35 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

36. Defendants deny the allegations of Paragraph 36 of the Amended Complaint.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the alleged creation and first use of the Mark in 2023, and on that basis deny them. Defendants further deny that Plaintiffs hold priority rights as against any Defendant, state that the balance of Paragraph 37 sets forth a legal conclusion to which no response is required, and deny the remaining allegations of Paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 38 of the Amended Complaint, and on that basis deny them.

39. Defendants admit that the records of the United States Patent and Trademark Office reflect that U.S. Trademark Registration No. 8,022,044 issued to Jaylin Kemp on November 11, 2025, and state that the registration certificate and its file history are documents that speak for themselves and are the best evidence of their contents. Except as expressly admitted, Defendants deny the allegations of Paragraph 39, including any characterization of the scope, validity, or enforceability of any rights conferred by that registration.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the date of Kemp's alleged first use of the Mark, and on that basis deny them. Defendants further deny that All Star has made any use of the Mark, improper or otherwise, at any time, and deny the remaining allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41 of the Amended Complaint, and specifically deny that All Star had actual, direct, or constructive knowledge of any prior use or ownership of the Mark by Kemp at any relevant time.

42. Defendants deny the allegations of Paragraph 42 of the Amended Complaint, and specifically deny that any conduct of All Star was willful, intentional, or infringing.

43. Defendants deny the allegations of Paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Amended Complaint.

45. Paragraph 45 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46 of the Amended Complaint.

47. Paragraph 47 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 47.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 47 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

**COUNT II**
**(Against Defendant Watson Apparel Co., LLC)**
**Violation of Section 43(a) of the Lanham Act – False Designations of Origins**
**15 U.S.C. § 1125(a)**

48. In response to Paragraph 48 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

49. Defendants deny the allegations of Paragraph 49 of the Amended Complaint.

50. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the alleged creation and first use of the Mark in 2023, and on that basis deny them. Defendants further deny that Plaintiffs hold priority rights as against any Defendant, state that the balance of Paragraph 50 sets forth a legal conclusion to which no response is required, and deny the remaining allegations of Paragraph 50.

51. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 51 of the Amended Complaint, and on that basis deny them.

52. Defendants admit that the records of the United States Patent and Trademark Office reflect that U.S. Trademark Registration No. 8,022,044 issued to Jaylin Kemp on November 11, 2025, and state that the registration certificate and its file history are documents that speak for themselves and are the best evidence of their contents. Except as expressly admitted, Defendants deny the allegations of Paragraph 52, including any characterization of the scope, validity, or enforceability of any rights conferred by that registration.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the date of Kemp's alleged first use of the Mark, and on that basis deny them. Defendants further deny that Watson Apparel has made any use of the Mark, improper or otherwise, at any time, and deny the remaining allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54 of the Amended Complaint, and specifically deny that Watson Apparel had actual, direct, or constructive knowledge of any prior use or ownership of the Mark by Kemp at any relevant time.

55. Defendants deny the allegations of Paragraph 55 of the Amended Complaint, and specifically deny that any conduct of Watson Apparel was willful, intentional, or infringing.

56. Defendants deny the allegations of Paragraph 56 of the Amended Complaint.

57. Defendants deny the allegations of Paragraph 57 of the Amended Complaint.

58. Paragraph 58 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 58.

59. Defendants deny the allegations of Paragraph 59 of the Amended Complaint.

60. Paragraph 60 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 60.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 60 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

**COUNT III**
**(Against Defendant Jeffrey Watson)**
**Violation of Section 43(a) of the Lanham Act – False Designations of Origins**
**15 U.S.C. § 1125(a)**

61. In response to Paragraph 61 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

62. Defendants deny the allegations of Paragraph 62 of the Amended Complaint, and specifically deny that Mr. Watson is the alter ego of All Star or Watson Apparel, that he has disregarded corporate formalities, that he has commingled funds, or that any basis exists in law or fact for disregarding the separate existence of either limited liability company.

63. Defendants deny the allegations of Paragraph 63 of the Amended Complaint, and specifically deny that Mr. Watson personally designed, selected, marketed, sold, or otherwise participated in the design, manufacture, distribution, advertisement, or sale of any allegedly infringing product, and deny that he actively and knowingly caused any act of infringement.

64. Defendants deny the allegations of Paragraph 64 of the Amended Complaint, and specifically deny that Mr. Watson approved, authorized, or directed the design, manufacture, distribution, marketing, or sale of any allegedly infringing product.

65. Defendants deny the allegations of Paragraph 65 of the Amended Complaint.

66. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the alleged creation and first use of the Mark in 2023, and on that basis deny them. Defendants further deny that Plaintiffs hold priority rights as against any Defendant, state that the balance of Paragraph 66 sets forth a legal conclusion to which no response is required, and deny the remaining allegations of Paragraph 66.

67. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 67 of the Amended Complaint, and on that basis deny them.

68. Defendants admit that the records of the United States Patent and Trademark Office reflect that U.S. Trademark Registration No. 8,022,044 issued to Jaylin Kemp on November 11, 2025, and state that the registration certificate and its file history are documents that speak for themselves and are the best evidence of their contents. Except as expressly admitted, Defendants deny the allegations of Paragraph 68, including any characterization of the scope, validity, or enforceability of any rights conferred by that registration.

69. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the date of Kemp's alleged first use of the Mark, and on that basis deny them. Defendants further deny that Mr. Watson has made any use of the Mark, improper or otherwise, at any time, and deny the remaining allegations of Paragraph 69.

70. Defendants deny the allegations of Paragraph 70 of the Amended Complaint as stated, including specifically that Mr. Watson personally received the December 1, 2025 letter or “refused” to respond to it.

71. Defendants deny the allegations of Paragraph 71 of the Amended Complaint, and specifically deny that Mr. Watson had actual, direct, or constructive knowledge of any prior use or ownership of the Mark by Kemp at any relevant time.

72. Defendants deny the allegations of Paragraph 72 of the Amended Complaint, and specifically deny that any conduct of Mr. Watson was willful, intentional, or infringing.

73. Defendants deny the allegations of Paragraph 73 of the Amended Complaint.

74. Defendants deny the allegations of Paragraph 74 of the Amended Complaint.

75. Paragraph 75 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76 of the Amended Complaint.

77. Paragraph 77 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 77.

In response to the unnumbered “WHEREFORE” paragraph following Paragraph 77 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

**COUNT IV**
**(Against Defendant All Star Elite, LLC)**
**Violation of Section 43(a) of the Lanham Act – Trademark Dilution**
**15 U.S.C. § 1125(c)**

78. In response to Paragraph 78 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

79. Defendants admit that the records of the United States Patent and Trademark Office reflect that U.S. Trademark Registration No. 8,022,044 issued to Jaylin Kemp on November 11, 2025, and that the registration certificate speaks for itself. Defendants deny that Paragraph 79 accurately characterizes the nature or scope of any ownership interest, state that the assertion of "exclusive ownership" is a legal conclusion to which no response is required, and, except as expressly admitted, deny the allegations of Paragraph 79.

80. Defendants deny the allegations of Paragraph 80 of the Amended Complaint, and specifically deny that the Mark is, or at any relevant time was, "famous" within the meaning of 15 U.S.C. § 1125(c)(2)(A) — that is, "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." Defendants further deny that Plaintiffs' use of the Mark has been extensive, continuous, or nationwide, and deny that the Mark is distinctive or strong.

81. Defendants admit only that U.S. Trademark Registration No. 8,022,044 issued on the date stated in Paragraph 17. Defendants deny the remaining allegations of Paragraph 81 of the Amended Complaint, including specifically that the Mark ever became famous and that All Star created or sold any unauthorized reproduction or counterfeit of any Aqlimate-branded product or any product bearing the Mark.

82. Defendants admit that the records of the United States Patent and Trademark Office reflect that U.S. Trademark Registration No. 8,022,044 issued to Jaylin Kemp on November 11, 2025, and admit that Kemp has never granted All Star a license or other authorization to use that registration. Defendants further state that All Star has never sought or needed any such authorization because All Star has never used the registered mark or any reproduction, counterfeit, copy, or colorable imitation of it. Except as expressly admitted, Defendants deny the allegations of Paragraph 82, including specifically any allegation or implication that All Star has used the registered mark.

83. Defendants deny the allegations of Paragraph 83 of the Amended Complaint.

84. Defendants deny the allegations of Paragraph 84 of the Amended Complaint, and specifically deny that any use by All Star has harmed Plaintiffs' business reputation, diluted the distinctive value or quality of the Mark, or diminished Kemp's reputation.

85. Defendants deny the allegations of Paragraph 85 of the Amended Complaint.

86. Defendants deny the allegations of Paragraph 86 of the Amended Complaint.

87. Defendants deny the allegations of Paragraph 87 of the Amended Complaint. Defendants further state that Paragraph 87 alleges a violation of "Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(a)," and that the statutory citation is internally inconsistent with the subsection invoked; however construed, the allegations are denied.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 87 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

**COUNT V**
**(Against Defendant Watson Apparel Co., LLC)**
**Violation of Section 43(a) of the Lanham Act – Trademark Dilution**
**15 U.S.C. § 1125(c)**

88. In response to Paragraph 88 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

89. Defendants admit that the records of the United States Patent and Trademark Office reflect that U.S. Trademark Registration No. 8,022,044 issued to Jaylin Kemp on November 11, 2025, and that the registration certificate speaks for itself. Defendants deny that Paragraph 89 accurately characterizes the nature or scope of any ownership interest, state that the assertion of "exclusive ownership" is a legal conclusion to which no response is required, and, except as expressly admitted, deny the allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90 of the Amended Complaint, and specifically deny that the Mark is, or at any relevant time was, "famous" within the meaning of 15 U.S.C. § 1125(c)(2)(A) — that is, "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." Defendants further deny that Plaintiffs' use of the Mark has been extensive, continuous, or nationwide, and deny that the Mark is distinctive or strong.

91. Defendants admit only that U.S. Trademark Registration No. 8,022,044 issued on the date stated in Paragraph 17. Defendants deny the remaining allegations of Paragraph 91 of the Amended Complaint, including specifically that the Mark ever became famous and that Watson Apparel created or sold any unauthorized reproduction or counterfeit of any Aqlimate-branded product or any product bearing the Mark.

92. Defendants admit that the records of the United States Patent and Trademark Office reflect that U.S. Trademark Registration No. 8,022,044 issued to Jaylin Kemp on November 11, 2025, and admit that Kemp has never granted Watson Apparel a license or other authorization to use that registration. Defendants further state that Watson Apparel has never sought or needed any such authorization because Watson Apparel has never used the registered mark or any reproduction, counterfeit, copy, or colorable imitation of it. Except as expressly admitted, Defendants deny the allegations of Paragraph 92, including specifically any allegation or implication that Watson Apparel has used the registered mark.

93. Defendants deny the allegations of Paragraph 93 of the Amended Complaint.

94. Defendants deny the allegations of Paragraph 94 of the Amended Complaint, and specifically deny that any use by Watson Apparel has harmed Plaintiffs' business reputation, diluted the distinctive value or quality of the Mark, or diminished Kemp's reputation.

95. Defendants deny the allegations of Paragraph 95 of the Amended Complaint.

96. Defendants deny the allegations of Paragraph 96 of the Amended Complaint.

97. Defendants deny the allegations of Paragraph 97 of the Amended Complaint. Defendants further state that Paragraph 97 alleges a violation of "Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(a)," and that the statutory citation is internally inconsistent with the subsection invoked; however construed, the allegations are denied.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 97 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

**<u>COUNT VI</u>**
**(Against Defendant Jeffrey Watson)**
**Violation of Section 43(a) of the Lanham Act – Trademark Dilution**
**15 U.S.C. § 1125(c)**

98. In response to Paragraph 98 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

99. Defendants admit that the records of the United States Patent and Trademark Office reflect that U.S. Trademark Registration No. 8,022,044 issued to Jaylin Kemp on November 11, 2025, and that the registration certificate speaks for itself. Defendants deny that Paragraph 99 accurately characterizes the nature or scope of any ownership interest, state that the assertion of "exclusive ownership" is a legal conclusion to which no response is required, and, except as expressly admitted, deny the allegations of Paragraph 99.

100. Defendants deny the allegations of Paragraph 100 of the Amended Complaint, and specifically deny that the Mark is, or at any relevant time was, "famous" within the meaning of 15 U.S.C. § 1125(c)(2)(A) — that is, "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." Defendants further deny that Plaintiffs' use of the Mark has been extensive, continuous, or nationwide, and deny that the Mark is distinctive or strong.

101. Defendants admit only that U.S. Trademark Registration No. 8,022,044 issued on the date stated in Paragraph 17. Defendants deny the remaining allegations of Paragraph 101 of the Amended Complaint, including specifically that the Mark ever became famous and that Mr. Watson created, sold, directed, authorized, or approved the creation or sale of any unauthorized reproduction or counterfeit of any Aqlimate-branded product or any product bearing the Mark.

102. Defendants admit that the records of the United States Patent and Trademark Office reflect that U.S. Trademark Registration No. 8,022,044 issued to Jaylin Kemp on November 11, 2025, and admit that Kemp has never granted Mr. Watson a license or other authorization to use that registration. Defendants further state that Mr. Watson has never sought or needed any such authorization because Mr. Watson has never used the registered mark or any reproduction, counterfeit, copy, or colorable imitation of it. Except as expressly admitted, Defendants deny the allegations of Paragraph 102, including specifically any allegation or implication that Mr. Watson has used the registered mark.

103. Defendants deny the allegations of Paragraph 103 of the Amended Complaint.

104. Defendants deny the allegations of Paragraph 104 of the Amended Complaint, and specifically deny that any use by Mr. Watson has harmed Plaintiffs' business reputation, diluted the distinctive value or quality of the Mark, or diminished Kemp's reputation.

105. Defendants deny the allegations of Paragraph 105 of the Amended Complaint.

106. Defendants deny the allegations of Paragraph 106 of the Amended Complaint.

107. Defendants deny the allegations of Paragraph 107 of the Amended Complaint. Defendants further state that Paragraph 107 alleges a violation of "Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(a)," and that the statutory citation is internally inconsistent with the subsection invoked; however construed, the allegations are denied.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 107 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

**COUNT VII**
**(Against Defendant All Star Elite, LLC)**
**Violation of Section 32 of the Lanham Act – Trademark Counterfeiting**
**15 U.S.C. § 1114**

108. In response to Paragraph 108 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

109. Defendants deny the allegations of Paragraph 109 of the Amended Complaint, and specifically deny that All Star has manufactured, marketed, advertised, offered for sale, sold, or distributed any product bearing a mark identical to, or substantially indistinguishable from, the mark shown in U.S. Trademark Registration No. 8,022,044.

110. Defendants admit that the records of the United States Patent and Trademark Office reflect that U.S. Trademark Registration No. 8,022,044 issued to Jaylin Kemp on November 11, 2025, and admit that Kemp has never granted All Star a license or other authorization to use that registration. Defendants further state that All Star has never sought or needed any such authorization because All Star has never used the registered mark or any reproduction, counterfeit, copy, or colorable imitation of it. Except as expressly admitted, Defendants deny the allegations of Paragraph 110, including specifically any allegation or implication that All Star has used the registered mark.

111. Defendants deny the allegations of Paragraph 111 of the Amended Complaint, and specifically deny that All Star had actual, direct, or constructive knowledge of Kemp's alleged ownership or prior use of the Mark, that its conduct was willful, or that it intended to exploit any brand recognition.

112. Defendants deny the allegations of Paragraph 112 of the Amended Complaint.

113. Defendants deny the allegations of Paragraph 113 of the Amended Complaint.

114. Paragraph 114 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 114, and specifically deny that All Star has used any "counterfeit mark" within the meaning of 15 U.S.C. §§ 1116(d)(1)(B)(i) and 1127, that is, a mark identical with, or substantially indistinguishable from, a mark registered on the principal register and in use.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 114 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

## COUNT VIII
## (Against Defendant Watson Apparel Co., LLC)
## Violation of Section 32 of the Lanham Act – Trademark Counterfeiting
## 15 U.S.C. § 1114

115. In response to Paragraph 115 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

116. Defendants deny the allegations of Paragraph 116 of the Amended Complaint, and specifically deny that Watson Apparel has manufactured, marketed, advertised, offered for sale, sold, or distributed any product bearing a mark identical to, or substantially indistinguishable from, the mark shown in U.S. Trademark Registration No. 8,022,044.

117. Defendants admit that the records of the United States Patent and Trademark Office reflect that U.S. Trademark Registration No. 8,022,044 issued to Jaylin Kemp on November 11, 2025, and admit that Kemp has never granted Watson Apparel a license or other

authorization to use that registration. Defendants further state that Watson Apparel has never sought or needed any such authorization because Watson Apparel has never used the registered mark or any reproduction, counterfeit, copy, or colorable imitation of it. Except as expressly admitted, Defendants deny the allegations of Paragraph 117, including specifically any allegation or implication that Watson Apparel has used the registered mark.

118. Defendants deny the allegations of Paragraph 118 of the Amended Complaint, and specifically deny that Watson Apparel had actual, direct, or constructive knowledge of Kemp's alleged ownership or prior use of the Mark, that its conduct was willful, or that it intended to exploit any brand recognition.

119. Defendants deny the allegations of Paragraph 119 of the Amended Complaint.

120. Defendants deny the allegations of Paragraph 120 of the Amended Complaint.

121. Paragraph 121 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 121, and specifically deny that Watson Apparel has used any "counterfeit mark" within the meaning of 15 U.S.C. §§ 1116(d)(1)(B)(i) and 1127, that is, a mark identical with, or substantially indistinguishable from, a mark registered on the principal register and in use.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 121 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

**COUNT IX**
**(Against Defendant Jeffrey Watson)**
**Violation of Section 32 of the Lanham Act – Trademark Counterfeiting**
**15 U.S.C. § 1114**

122. In response to Paragraph 122 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

123. Defendants deny the allegations of Paragraph 123 of the Amended Complaint, and specifically deny that Mr. Watson is the alter ego of All Star or Watson Apparel, that he has disregarded corporate formalities, that he has commingled funds, or that any basis exists in law or fact for disregarding the separate existence of either limited liability company.

124. Defendants deny the allegations of Paragraph 124 of the Amended Complaint, and specifically deny that Mr. Watson has manufactured, marketed, advertised, offered for sale, sold, or distributed any product bearing a mark identical to, or substantially indistinguishable from, the mark shown in U.S. Trademark Registration No. 8,022,044.

125. Defendants deny the allegations of Paragraph 125 of the Amended Complaint, and specifically deny that Mr. Watson approved, authorized, or directed the manufacture, advertisement, offer for sale, sale, or distribution of any such product.

126. Defendants admit that the records of the United States Patent and Trademark Office reflect that U.S. Trademark Registration No. 8,022,044 issued to Jaylin Kemp on November 11, 2025, and admit that Kemp has never granted Mr. Watson a license or other authorization to use that registration. Defendants further state that Mr. Watson has never sought or needed any such authorization because Mr. Watson has never used the registered mark or any reproduction, counterfeit, copy, or colorable imitation of it. Except as expressly admitted,

Defendants deny the allegations of Paragraph 126, including specifically any allegation or implication that Mr. Watson has used the registered mark.

127. Defendants deny the allegations of Paragraph 127 of the Amended Complaint, and specifically deny that Mr. Watson had actual, direct, or constructive knowledge of Kemp's alleged ownership or prior use of the Mark, that his conduct was willful, or that he intended to exploit any brand recognition.

128. Defendants deny the allegations of Paragraph 128 of the Amended Complaint.

129. Defendants deny the allegations of Paragraph 129 of the Amended Complaint.

130. Paragraph 130 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 130, and specifically deny that Mr. Watson has used any "counterfeit mark" within the meaning of 15 U.S.C. §§ 1116(d)(1)(B)(i) and 1127, that is, a mark identical with, or substantially indistinguishable from, a mark registered on the principal register and in use.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 130 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

## COUNT X
**(Against Defendant All Star Elite, LLC)**
**Trademark Infringement and Unfair Business Practices**
**Ala. Code § 8-12-1, et seq.**

131. In response to Paragraph 131 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

132. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the relationship between Kemp and Aqlimate or any authorization between them, and on that basis deny them. Defendants further state that the assertion of "exclusive ownership" is a legal conclusion to which no response is required, and deny the remaining allegations of Paragraph 132.

133. Defendants deny the allegations of Paragraph 133 of the Amended Complaint, and specifically deny that the Mark is widely recognized by the public or that it is "famous" as that term is defined by Ala. Code § 8-12-17(b).

134. Defendants deny the allegations of Paragraph 134 of the Amended Complaint, and specifically deny that All Star has reproduced, counterfeited, copied, or colorably imitated the Mark or used it in connection with the advertisement, offering for sale, sale, or distribution of any product.

135. Defendants deny the allegations of Paragraph 135 of the Amended Complaint, and specifically deny that All Star knew or had reason to know that any use would cause confusion or mistake among consumers.

136. Defendants deny the allegations of Paragraph 136 of the Amended Complaint.

137. Defendants deny the allegations of Paragraph 137 of the Amended Complaint.

138. Defendants deny the allegations of Paragraph 138 of the Amended Complaint. Defendants further state that Ala. Code § 8-12-16 creates a cause of action only as to "a mark registered under this article" — that is, a mark registered with the Alabama Secretary of State —

and that Ala. Code § 8-12-19 is a savings clause preserving common-law rights rather than a source of any independent cause of action. To the extent Paragraph 138 states legal conclusions, no response is required.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 138 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

**COUNT XI**
**(Against Defendant Watson Apparel Co., LLC)**
**Trademark Infringement and Unfair Business Practices**
**Ala. Code § 8-12-1, et seq.**

139. In response to Paragraph 139 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

140. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the relationship between Kemp and Aqlimate or any authorization between them, and on that basis deny them. Defendants further state that the assertion of "exclusive ownership" is a legal conclusion to which no response is required, and deny the remaining allegations of Paragraph 140.

141. Defendants deny the allegations of Paragraph 141 of the Amended Complaint, and specifically deny that the Mark is widely recognized by the public or that it is "famous" as that term is defined by Ala. Code § 8-12-17(b).

142. Defendants deny the allegations of Paragraph 142 of the Amended Complaint, and specifically deny that Watson Apparel has reproduced, counterfeited, copied, or colorably imitated the Mark or used it in connection with the advertisement, offering for sale, sale, or distribution of any product.

143. Count XI of the Amended Complaint is directed to Watson Apparel Co., LLC, but Paragraph 143 refers to "All Star." However construed, Defendants deny the allegations of Paragraph 143, and specifically deny that Watson Apparel or All Star knew or had reason to know that any use would cause confusion or mistake among consumers.

144. Count XI of the Amended Complaint is directed to Watson Apparel Co., LLC, but Paragraph 144 refers to "All Star." However construed, Defendants deny the allegations of Paragraph 144.

145. Defendants deny the allegations of Paragraph 145 of the Amended Complaint.

146. Count XI of the Amended Complaint is directed to Watson Apparel Co., LLC, but Paragraph 146 refers to "All Star." However construed, Defendants deny the allegations of Paragraph 146. Defendants further state that Ala. Code § 8-12-16 creates a cause of action only as to a mark registered under that article, and that Ala. Code § 8-12-19 is a savings clause rather than a source of any independent cause of action. To the extent Paragraph 146 states legal conclusions, no response is required.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 146 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

**COUNT XII**
**(Against Defendant Jeffrey Watson)**
**Trademark Infringement and Unfair Business Practices**
**Ala. Code § 8-12-1, et seq.**

147. In response to Paragraph 147 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

148. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the relationship between Kemp and Aqlimate or any authorization between them, and on that basis deny them. Defendants further state that the assertion of "exclusive ownership" is a legal conclusion to which no response is required, and deny the remaining allegations of Paragraph 148.

149. Defendants deny the allegations of Paragraph 149 of the Amended Complaint, and specifically deny that the Mark is widely recognized by the public or that it is "famous" as that term is defined by Ala. Code § 8-12-17(b).

150. Defendants deny the allegations of Paragraph 150 of the Amended Complaint, and specifically deny that Mr. Watson reproduced, counterfeited, copied, or colorably imitated the Mark, or approved, authorized, or directed any such act, or used or directed the use of the Mark in connection with the advertisement, offering for sale, sale, or distribution of any product.

151. Defendants deny the allegations of Paragraph 151 of the Amended Complaint, and specifically deny that Mr. Watson knew or had reason to know that any use would cause confusion or mistake among consumers.

152. Defendants deny the allegations of Paragraph 152 of the Amended Complaint.

153. Defendants deny the allegations of Paragraph 153 of the Amended Complaint.

154. Defendants deny the allegations of Paragraph 154 of the Amended Complaint. Defendants further state that Ala. Code § 8-12-16 creates a cause of action only as to a mark registered under that article, and that Ala. Code § 8-12-19 is a savings clause rather than a source of any independent cause of action. To the extent Paragraph 154 states legal conclusions, no response is required.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 154 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

**COUNT XIII**
**(Against Defendant All Star)**
**Violation of the Alabama Deceptive Trade Practices Act**
**Ala. Code (1975) § 8-19-1 et seq.**

155. In response to Paragraph 155 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

156. Defendants deny the allegations of Paragraph 156 of the Amended Complaint, and specifically deny that All Star has used any identical or substantially indistinguishable copy of the Mark or that any confusion or misunderstanding as to source, sponsorship, approval, or certification has resulted.

157. Defendants deny the allegations of Paragraph 157 of the Amended Complaint, and specifically deny that any consumer has mistaken any product sold by All Star as being the same as or affiliated with Aqlimate.

158. Defendants deny the allegations of Paragraph 158 of the Amended Complaint, and specifically deny that All Star has engaged in any deceptive act or practice within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1 et seq.

159. Defendants deny the allegations of Paragraph 159 of the Amended Complaint.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 159 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

**COUNT XIV**
**(Against Defendant Watson Apparel Co., LLC)**
**Violation of the Alabama Deceptive Trade Practices Act**
**Ala. Code (1975) § 8-19-1 et seq.**

160. In response to Paragraph 160 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

161. Count XIV of the Amended Complaint is directed to Watson Apparel Co., LLC, but Paragraph 161 refers in part to "products sold by All Star." However construed, Defendants deny the allegations of Paragraph 161, and specifically deny that any Defendant has used any identical or substantially indistinguishable copy of the Mark or that any confusion or misunderstanding has resulted.

162. Defendants deny the allegations of Paragraph 162 of the Amended Complaint, and specifically deny that any consumer has mistaken any product sold by Watson Apparel as being the same as or affiliated with Aqlimate.

163. Defendants deny the allegations of Paragraph 163 of the Amended Complaint, and specifically deny that Watson Apparel has engaged in any deceptive act or practice within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1 et seq.

164. Defendants deny the allegations of Paragraph 164 of the Amended Complaint.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 164 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

**COUNT XV**
**(Against Defendant Jeffrey Watson)**
**Violation of the Alabama Deceptive Trade Practices Act**
**Ala. Code (1975) § 8-19-1 et seq.**

165. In response to Paragraph 165 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

166. Defendants deny the allegations of Paragraph 166 of the Amended Complaint, and specifically deny that Mr. Watson is the alter ego of All Star or Watson Apparel, that he has disregarded corporate formalities, that he has commingled funds, or that any basis exists in law or fact for disregarding the separate existence of either limited liability company.

167. Defendants deny the allegations of Paragraph 167 of the Amended Complaint, and specifically deny that Mr. Watson personally designed, selected, marketed, sold, or otherwise participated in the design, manufacture, distribution, advertisement, or sale of any

allegedly infringing product, and deny that he actively and knowingly caused any act of infringement.

168. Defendants deny the allegations of Paragraph 168 of the Amended Complaint, and specifically deny that Mr. Watson approved, authorized, or directed the design, manufacture, distribution, marketing, or sale of any allegedly infringing product.

169. Defendants deny the allegations of Paragraph 169 of the Amended Complaint, and specifically deny that Mr. Watson has used any identical or substantially indistinguishable copy of the Mark or that any confusion or misunderstanding has resulted.

170. Defendants deny the allegations of Paragraph 170 of the Amended Complaint, and specifically deny that any consumer has mistaken any product as being the same as or affiliated with Aqlimate.

171. Defendants deny the allegations of Paragraph 171 of the Amended Complaint, and specifically deny that Mr. Watson has engaged in any deceptive act or practice within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1 et seq.

172. Defendants deny the allegations of Paragraph 172 of the Amended Complaint.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 172 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

**COUNT XVI**
**(Against All Defendants)**
**Unfair Competition**
**Ala. Code (1975) § 8-19-1 et seq.**

173. In response to Paragraph 173 of the Amended Complaint, Defendants adopt and incorporate by reference their responses to all preceding paragraphs of this Answer as if fully set forth herein.

174. Defendants deny the allegations of Paragraph 174 of the Amended Complaint, and specifically deny that any Defendant has intentionally engaged in unfair competition or violated the Alabama Deceptive Trade Practices Act. Defendants further state that Count XVI is captioned "Unfair Competition" but cites the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1 et seq., and is pleaded against "All Defendants" collectively without identifying which Defendant is alleged to have done what; however construed, the allegations are denied.

175. Defendants deny the allegations of Paragraph 175 of the Amended Complaint.

In response to the unnumbered "WHEREFORE" paragraph following Paragraph 175 of the Amended Complaint, Defendants deny that Plaintiffs are entitled to judgment, to preliminary or permanent injunctive relief, or to any award of damages, compensatory damages, actual damages, treble or enhanced damages, statutory damages, profits, costs, attorneys' fees, or any other relief whatsoever.

## JURY TRIAL DEMANDED

In response to the unnumbered paragraph captioned "JURY TRIAL DEMANDED," Defendants state that no response is required. Defendants likewise demand a trial by jury on all issues so triable.

## GENERAL DENIAL

Defendants deny each and every allegation of the Amended Complaint — including all headings, captions, footnotes, photographs, images, and unnumbered paragraphs — that is not

expressly and specifically admitted in this Answer. Defendants further deny that Plaintiffs have been damaged in any sum or manner whatsoever, and deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of pleading or proof that would otherwise rest on Plaintiffs, and reserving the right to withdraw or amend any defense as discovery proceeds, Defendants assert the following affirmative and other defenses:

### FIRST DEFENSE

The Amended Complaint, and each count thereof, fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6), 12(h)(2).

### SECOND DEFENSE

Plaintiffs' claims fail because there is no likelihood of confusion, mistake, or deception. The design appearing on the accused products is visually distinct from the design shown in U.S. Trademark Registration No. 8,022,044, which depicts a vertical needle with a single thread wrapped around it forming a flying insect. The accused design contains no needle-and-thread motif and is neither identical to, substantially indistinguishable from, nor confusingly similar to the registered mark.

### THIRD DEFENSE

Any rights conferred by U.S. Trademark Registration No. 8,022,044 are limited to the particular stylized design shown in the registration drawing and do not extend to dragonflies, insects, or insect imagery generally. 15 U.S.C. § 1057(a)–(b).

**FOURTH DEFENSE**

To the extent any Defendant is found to have used the design appearing on the accused products, that design is ornamental and decorative, does not function as a designation of source, and therefore does not constitute use "as a mark" within the meaning of 15 U.S.C. §§ 1114 and 1125.

**FIFTH DEFENSE**

Plaintiffs' counterfeiting claims under Section 32 of the Lanham Act are barred, in whole or in part, as to any conduct predating November 11, 2025, because no federal registration existed before that date. A claim under 15 U.S.C. § 1114(1)(a) requires a "registered mark," and a "counterfeit mark" is one "registered on the principal register . . . and in use." 15 U.S.C. § 1116(d)(1)(B)(i). Constructive priority of use does not retroactively create a registered mark capable of being counterfeited.

**SIXTH DEFENSE**

The Mark is not, and at no relevant time was, "famous" within the meaning of 15 U.S.C. § 1125(c)(2)(A), which requires that a mark be "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." Niche or regional recognition does not suffice. Plaintiffs' federal dilution claims (Counts IV, V, and VI) therefore fail as a matter of law. Defendants further deny that any use by them began after the Mark became famous, that any dilution by blurring or tarnishment has occurred, and that any such conduct was willful.

**SEVENTH DEFENSE**

The Mark is not, and at no relevant time was, "famous" as defined by Ala. Code § 8-12-17(b), which requires that a mark be widely recognized by the general consuming public of this

state or of a significant geographic area in this state as a designation of source. Plaintiffs' state-law dilution allegations therefore fail.

**EIGHTH DEFENSE**

Plaintiffs' claims under Ala. Code §§ 8-12-16 and 8-12-18 fail because those provisions create rights and remedies only for the owner of "a mark registered under this article" — that is, a mark registered with the Alabama Secretary of State. Plaintiffs allege only a federal registration and do not allege ownership of any Alabama state registration. Ala. Code § 8-12-19 is a savings clause preserving common-law rights and creates no independent cause of action. Counts X, XI, and XII therefore fail.

**NINETH DEFENSE**

Mr. Watson is not personally liable for any act or omission of All Star or Watson Apparel. A member of a limited liability company is not liable, solely by reason of being a member, for a debt, obligation, or liability of the company. Ala. Code § 10A-5A-3.01; Va. Code § 13.1-1019. Personal liability under the Lanham Act attaches only where the individual actively and knowingly caused the infringement or was a moving, active conscious force behind it. Chanel, Inc. v. Italian Activewear of Fla., Inc., 931 F.2d 1472, 1477–78 (11th Cir. 1991); Babbit Elecs., Inc. v. Dynascan Corp., 38 F.3d 1161, 1184 (11th Cir. 1994). Mr. Watson is not the alter ego of either entity, did not disregard corporate formalities, and did not commingle funds. Mr. Watson did not actively or knowingly cause, and did not direct, control, ratify, participate in, or serve as a moving, active conscious force behind, any alleged infringement.

**TENTH DEFENSE**

Plaintiff Aqlimate, LLC lacks standing to assert claims under Section 32 of the Lanham Act because an action under 15 U.S.C. § 1114(1) belongs to the "registrant," and Aqlimate is not

the registrant of U.S. Trademark Registration No. 8,022,044. Counts VII, VIII, and IX fail as to Aqlimate.

**ELEVENTH DEFENSE**

Plaintiffs lack standing under the Alabama Deceptive Trade Practices Act. The private right of action created by Ala. Code § 8-19-10(a) is available to a person who is not a consumer only as to the practices described in Ala. Code § 8-19-5(19) and (20), neither of which is alleged here. Plaintiffs are competitors asserting trademark and unfair-competition theories, not consumers. Counts XIII, XIV, XV, and XVI therefore fail.

**TWELFTH DEFENSE**

Plaintiffs failed to satisfy the mandatory pre-suit notice requirement of Ala. Code § 8-19-10(e), which requires that a written demand for relief — identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered — be communicated to each prospective respondent at least fifteen days before the action is filed. The December 1, 2025 letter pleaded in the Amended Complaint does not satisfy that requirement as to any Defendant. Counts XIII through XVI are barred.

**THIRTEENTH DEFENSE**

To the extent Plaintiffs' Alabama Deceptive Trade Practices Act claims rest on any act or practice that Plaintiffs discovered or reasonably should have discovered more than one year before this action was commenced, or on any transaction occurring more than four years before that date, those claims are barred by Ala. Code § 8-19-14.

**FOURTEENTH DEFENSE**

To the extent Plaintiffs pursue remedies at common law or under other statutes for fraud, misrepresentation, deceit, suppression of material facts, or fraudulent concealment arising out of

the same acts, occurrences, or transactions, their Alabama Deceptive Trade Practices Act claims are barred by the election-of-remedies provision of Ala. Code § 8-19-15.

**FIFTEENTH DEFENSE**

Defendants' conduct was at all times undertaken in good faith and without willfulness, knowledge, or intent to infringe, counterfeit, dilute, or deceive. Plaintiffs are therefore not entitled to enhanced or treble damages, to statutory damages predicated on willfulness, or to attorneys' fees, and this is not an “exceptional case” within the meaning of 15 U.S.C. § 1117(a).

**SIXTEENTH DEFENSE**

To the extent Plaintiffs seek profits or damages under Counts VII, VIII, and IX for conduct occurring before any Defendant received actual notice of U.S. Trademark Registration No. 8,022,044, such recovery is barred by 15 U.S.C. § 1111, because Plaintiffs did not display the statutory notice of registration with the Mark. Section 1111 does not limit recovery on claims arising under 15 U.S.C. § 1125(a) or (c).

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, acquiescence, and unclean hands.

**EIGHTEENTH DEFENSE**

Plaintiffs have suffered no irreparable harm and have an adequate remedy at law. Injunctive relief is therefore unavailable, and any injunction Plaintiffs seek is overbroad to the extent it would reach conduct beyond the scope of the registered mark.

**NINETEENTH DEFENSE**

Plaintiffs' alleged damages, if any, are speculative and not proximately caused by any act or omission of Defendants, and Plaintiffs have failed to mitigate their alleged damages.

**TWENTYETH DEFENSE**

Any award of profits or damages must be apportioned and limited to the profits or damages, if any, attributable to the allegedly infringing conduct of the specific Defendant against whom the award is entered, and must exclude profits attributable to Defendants' own investment, labor, brand, and goodwill.

**TWENTY-FIRST DEFENSE**

Plaintiffs may not obtain duplicative or cumulative recovery. The sixteen counts of the Amended Complaint seek overlapping relief for the same alleged conduct, and any recovery must be limited to a single satisfaction.

**TWENTY-SECOND DEFENSE**

Any award of multiple, enhanced, treble, or punitive damages would violate Defendants' rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of Alabama.

**RESERVATION OF DEFENSES**

Defendants have not knowingly or intentionally waived any applicable defense and reserve the right to assert and rely upon such other and further defenses, at law or in equity, as may become available or apparent through discovery or otherwise, to the fullest extent permitted by the Federal Rules of Civil Procedure. Defendants further reserve the right to amend this Answer to assert any counterclaim, cross-claim, or third-party claim that discovery may reveal.

**JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants Jeffrey Watson, All Star Elite, LLC, and Watson Apparel Co., LLC respectfully request that the Court enter judgment in their favor and against Plaintiffs on all counts of the Amended Complaint; dismiss the Amended Complaint with prejudice; deny each and every item of relief requested by Plaintiffs; award Defendants their costs and, to the extent permitted by law, their reasonable attorneys' fees; and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this the 6th day of August, 2026.

/s/ Douglas L. Bridges
Douglas L. Bridges (ASB-1974-N06L)
AdamsIP, LLC
453 Dauphin Street
Mobile, Alabama 36602
Phone: 251-289-9787
doug@adamsiplaw.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of August, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including the following:

Kenneth M. Perry
Ambria L. Lankford
Jennifer M. Moore
KEN PERRY LAW FIRM, LLC
1615 Financial Center
505 20th Street North
Birmingham, Alabama 35203
kp@kenperrylawfirm.com
all@kenperrylawfirm.com
jmm@kenperrylawfirm.com
Attorneys for Plaintiffs

/s/ Douglas L. Bridges
Douglas L. Bridges