FILED
2026 Sep-18 AM 11:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JAYLIN KEMP and AQLIMATE LLC,** | ) | |
| | ) | |
| ***Plaintiffs*,** | ) | |
| | ) | |
| **v.** | ) | **Case No: 2:26-cv-00129-MHH** |
| | ) | |
| **JEFFREY WATSON, ALL STAR ELITE LLC, and WATSON APPAREL CO., LLC,** | ) ) | |
| | ) | |
| ***Defendants.*** | ) | |
| | ) | |

**PLAINTIFFS' MOTION TO SET BRIEFING SCHEDULE ON THE MOTION FOR PRELIMINARY INJUNCTION AND TO EXPEDITE DISCOVERY**

Plaintiffs Jaylin Kemp ("Kemp") and Aqlimate, LLC ("Aqlimate") (collectively, "Plaintiffs") move this Court for entry of an Order permitting expedited discovery and re-setting the briefing schedule on the Motion for Preliminary Injunction (doc. 22) filed by Plaintiffs and expediting discovery in this matter. In support of this motion, Plaintiffs state as follows:

1. Plaintiffs filed this action on January 27, 2026, alleging violations of the Lanham Act and state law by Defendants. (Doc. 1). Following service of the Complaint and a hearing on Defendants' motion to dismiss, on July 14, 2026, Plaintiffs filed an Amended Complaint against Defendants. (Doc. 20). More specifically, Plaintiffs allege in the Amended Complaint that Defendants are currently engaged in the misappropriation of Kemp's unique dragonfly trademark (the "Mark"), which is intended for the sole and exclusive use of Kemp through his brand and company, Aqlimate. (Doc. 20 ¶ 1.) Despite being aware of Kemp's exclusive trademark rights, Defendants nevertheless have repeatedly infringed these rights by selling a variety of counterfeits

and products nearly identical to the Mark on hooded sweatshirts, also known as "hoodies," and other clothing. (Doc. 20 ¶¶ 1, 8, 21-27).

2. On September 11, 2026, Plaintiffs filed a Motion for Preliminary Injunction, seeking to enjoin Defendants from continued sales of the infringing products. (Doc. 22).

3. Additionally, Plaintiffs have prepared and served discovery requests and deposition notices to Defendants, seeking information pertinent to the preliminary injunction issues. To permit timely resolution of the request for preliminary injunctive relief, Plaintiffs respectfully request the Court enter an Order permitting 45-days of limited, expedited discovery prior to the formal meet-and-confer requirements of Rule 26(d), including an order requiring written discovery responses be served within 21 days of service of the requests.

4. Plaintiffs further request the Court reset the briefing schedule, requiring briefing from Plaintiffs and Defendants following the completion of expedited discovery.

5. Each day of Defendants' use of identical or substantially identical copies of the Mark in their products continues to cause confusion or misunderstanding in the market as to the source, sponsorship, approval, or certification of products sold by Watson and his entities. All of the information concerning Defendant's sale, advertising, marketing, and distribution of their goods, services, and products bearing the Mark is solely in the hands of Defendants. Indeed, this information is crucial to Plaintiffs' efforts to identify the scope and extent of the harm resulting from Defendants' infringing use of the Mark. As a result, Plaintiffs seek to expedite discovery in this case in order to gather relevant documents and information to support its claims in this matter without delay and immediately proceed with discovery.

6. Plaintiffs conferred with counsel for Defendants regarding expedited discovery, but as of the time of this filing, have not yet received a response. However, Defendants will not be

prejudiced by Plaintiffs' request for expedited discovery. Each of Plaintiffs' requests is directed at identifying and pinpointing the scope of Defendants' use of the Mark in the goods, services, and products it sales. Only Defendants have access to this information, and without it, Plaintiffs will continue to suffer irreparable harm to their business and rights under the trademark.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that this Court enter an Order for expedited discovery and set a briefing schedule for the motion for preliminary injunction.

*/s/Ambria L. Lankford*
Kenneth M. Perry (ASB-4945-E67K)
Ambria L. Lankford (ASB-2461-Q94V)
Jennifer M. Moore (ASB-2400-I11J)

**KEN PERRY LAW FIRM, LLC**
1615 Financial Center
505 20th Street North
Birmingham, AL 35203
(205) 778-2001
kp@kenperrylawfirm.com
all@kenperrylawfirm.com
jmm@kenperrylawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 18th day of September, 2026, I filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notice of such filing to the following counsel of record:

Douglas L. Bridges
AdamsIP, LLC
453 Dauphin Street
Mobile, Alabama 36602
Phone: 251-289-9787
doug@adamsiplaw.com

*Attorney for Defendants*

*s/ Ambria L. Lankford*
OF COUNSEL